DAVID YEREMIAN & ASSOCIATES, INC.
David Yeremian (SBN 226337)
david@yeremianlaw.com
David Keledjian (SBN 309135)
davidk@yeremianlaw.com
535 N. Brand Blvd., Suite 705
Glendale, California 91203
Telephone: (818) 230-8380
Facsimile: (818) 230-0308

DAVTYAN PROFESSIONAL LAW CORPORATION
Emil Davtyan (SBN 299363)
emil@davtyanlaw.com
21900 Burbank Blvd., Suite 300
Woodland Hills, California 91367
Telephone: (818) 992-2935
Facsimile: (818) 975-5525

Attorneys for Plaintiff DARIUS ROWSER
on behalf of himself, all others similarly situated

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARIUS ROWSER , on behalf of himself, and all others similarly situated, <br><br> Plaintiff, <br> vs. <br><br> TRUNK CLUB, INC., a Delaware corporation; and DOES 1 through 10, inclusive, <br><br> Defendants. | Case No.: <br><br> **COLLECTIVE AND CLASS ACTION COMPLAINT** <br><br> **(1) FAIR LABOR STANDARDS ACT (29 U.S.C. § 201, ET SEQ.)** <br><br> **(2) FAILURE TO PAY MINIMUM WAGES (CAL. LABOR CODE §§ 1182.11-1182.13, 1194, 1194.2, 1197)** <br><br> **(3) FAILURE TO PAY WAGES AND OVERTIME (CAL. LABOR CODE § 510)** <br><br> **(4) MEAL-PERIOD LIABILITY (CAL. LABOR CODE § 226.7)** <br><br> **(5) REST BREAK LIABILITY (CAL. LABOR CODE § 226.7)** <br><br> **(6) FAILURE TO REIMBURSE FOR NECESSARY EXPENDITURES (CAL. LABOR CODE § 2808)** |

- 1 -
COLLECTIVE AND CLASS ACTION COMPLAINT

1
2

**(7) WAITING TIME PENALTIES (CAL. LABOR CODE §§ 201, 202, AND 203)**

3
4

**(8) VIOLATION OF CAL. LABOR CODE § 226(A)**

5
6

**(9) UNFAIR COMPETITION (CAL. BUSINESS AND PROFESSIONS CODE §§ 17200, ET SEQ. )**

7
8
9

**(10) PENALTIES PURSUANT TO THE    PRIVATE ATTORNEY GENERAL ACT (CAL. LABOR CODE § 2699, ET SEQ.)**

10

**JURY TRIAL DEMANDED**

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

COLLECTIVE AND CLASS ACTION COMPLAINT

Plaintiff Darius Rowser ("Plaintiff") on behalf of himself and all others similarly situated, hereby brings this Collective and Class Action Complaint against Trunk Club, Inc., a Delaware corporation ("Trunk Club"), and Does 1 through 10 inclusive (Trunk Club and Does 1 through 10, inclusive shall hereinafter collectively be referred to as "Defendants"), and on information and belief alleges as follows:

## JURISDICTION

1.   Plaintiff, on behalf of himself and all others similarly situated, hereby brings this collective action for recovery of unpaid overtime wages under the Fair Labor Standards Act ("FLSA") and the California Labor Code ("Labor Code").

2.  This Court has jurisdiction over Defendants' violations of the FLSA pursuant to 29 U.S.C. § 216 and 28 U.S.C. § 1331 because the action asserts rights arising under federal law. Defendants' annual sales exceed $500,000, and they have more than two employees, so the FLSA applies in this case on an enterprise basis. Additionally, the Court also has pendent jurisdiction over the related Labor Code claims under 28 U.S.C. § 1367.

3.  This Court has personal jurisdiction over Defendant because Defendant maintains its principal place of business within this judicial district.

## VENUE

4.  Venue is proper under 28 U.S.C. 1391(c) because Defendants do and operate a business within this judicial district and the acts alleged herein took place within this judicial district.

5.   Further, Plaintiff at all times relevant herein, was employed by Defendants within this judicial district.

## PARTIES

6.  Plaintiff is an individual over the age of eighteen (18). At all relevant times herein, Plaintiff was and currently is, a California resident, residing in this judicial district.

///

- 3 -
COLLECTIVE AND CLASS ACTION COMPLAINT

7.   Defendant Trunk Club, Inc., is licensed to do business in the State of California and its registered agent for service of process in California is Corporation Creations Network, Inc., located at 1430 Truxtun Ave., 5th Floor, Bakersfield, California 93301.

8.   During the three years immediately preceding the filing of the Complaint in this action and within the statute of limitations periods applicable to the First Cause of Action pled herein, Defendants employed Plaintiff and other hourly non-exempt employees within the United States (collectively "FLSA Class Members"). FLSA Class Members were, and are, victims of Defendants' policies and/or practices complained of herein, lost money and/or property, and have been deprived of the rights guaranteed to them by the FLSA.

9.   During the four years immediately preceding the filing of the Complaint in this action and within the statute of limitations periods applicable to the Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth and Tenth Causes of Action pled herein, Defendants employed Plaintiff and other hourly non-exempt employees within the State of California (collectively "California Class Members").

10. Plaintiff is informed and believes, and thereon allege, that at all times mentioned herein, Defendants were the employer of Plaintiff, the FLSA Class Members, and the California Class Members because they: (1) exercised control over the wages, hours, or working conditions of Plaintiffs and both Classes; (2) suffered or permitted Plaintiff and the Members of both Classes to work; or (3) engaged Plaintiffs and the Members' of both Classes to work, thereby creating a common law employment relationship.

11. Plaintiff is informed and believes and thereon alleges that each of the Defendants, including the Doe defendants, acted in concert with each and every other Defendant, intended to and did participate in the events, acts, practices and courses of conduct alleged herein, and was a proximate cause of damage and injury thereby to Plaintiff, the FLSA Class Members, and the California Class Members as

- 4 -
COLLECTIVE AND CLASS ACTION COMPLAINT

1  alleged herein.

2      12. Based in Chicago Illinois, Trunk Club, a subsidiary of Nordstrom, is

3  nationwide chain of stores, offering personalized styling and sales of clothing

4  throughout the United States. According to its website, "[a]s a Nordstrom company,

5  Trunk Club has the service, selection, and convenience of one of the world's best

6  retailers—you can even earn Nordstrom rewards." *Available at*

7  https://www.trunkclub.com.

8      13. Plaintiff does not know the true names or capacities, whether individual,

9  partner, or corporate, of the Defendants sued herein as DOES 1 to 10, inclusive, and

10  for that reason, said Defendants are sued under such fictitious names, and Plaintiff

11  will seek leave from this Court to amend this Complaint when such true names and

12  capacities are discovered. Plaintiff is informed, and believes, and thereon alleges,

13  that each of said fictitious Defendants, whether individual, partners, agents, or

14  corporate, was responsible in some manner for the acts and omissions alleged

15  herein, and proximately caused Plaintiff , the FLSA Class Members, and the

16  California Class Members to be subject to the unlawful employment practices,

17  wrongs, injuries and damages complained of herein.

18      14. At all times herein mentioned, each of said Defendant participated in the

19  doing of the acts hereinafter alleged to have been done by the named Defendant; and

20  each of them, were the agents, servants, and employees of each and every one of the

21  other Defendant, as well as the agents of all Defendant, and at all times herein

22  mentioned were acting within the course and scope of said agency and employment.

23  Defendant, and each of them, approved of, condoned, and/or otherwise ratified each

24  and every one of the acts or omissions complained of herein.

25      15. At all times mentioned herein, Defendant was a member of and engaged in a

26  joint venture, partnership, and common enterprise, and acting within the course and

27  scope of and in pursuance of said joint venture, partnership, and common enterprise.

28  Further, Plaintiff alleges that all Defendants were joint employers for all purposes of

COLLECTIVE AND CLASS ACTION COMPLAINT

Plaintiff, the FLSA Class Members, and the California Class Members.

**ADMINISTRATIVE REMEDIES**

16. Pursuant to California Labor Code § 2699.3 and other provisions of California law, Plaintiff has exhausted all administrative remedies and satisfied all private, administrative, and judicial prerequisites to the institution of this action. Specifically, on June 13, 2017 Plaintiff sent notice to the California Labor and Workforce Development Agency (LWDA) and Defendant including specific provisions of the Labor Code that have been violated and facts and theories to support such violations. The LWDA has not provided notice of its intent to investigate the alleged violations within 65 calendar days of the notice.

17. Pursuant to California Labor Code § 2699.3 and other provisions of California law, Plaintiff is not required to satisfy any other private, administrative or judicial prerequisites to the institution of this action and therefore has exhausted all appropriate administrative remedies.

**GENERAL FACTUAL ALLEGATIONS**

18. Plaintiff was employed by Defendants within the statutory time frame as a non-exempt employee in Los Angeles, California.

19. During FLSA Class Members and the California Class Members (collectively "Class Members") employment with Defendants, Defendants' policy and practice was to pay Class Members on a draw system, where Class Members would earn commission pay, versus an hourly wage. Class Members regularly worked in excess of eight (8) hours a day, and or forty (40) hours a week. However, Defendants knowingly permitted and required Class Members to perform work, off-the-clock, as part of their regular working hours, for which Class Members were not paid wages. Specifically, Class Members were required to perform off-the-clock work, under Defendants' employ including, but not limited to: working from home, communicating with clients, attending involuntary work related events after working hours, conducting involuntary independent study and homework, and attending

COLLECTIVE AND CLASS ACTION COMPLAINT

involuntary training and classroom sessions, all directly related to Class Members' job under Defendants' employ all in excess of their scheduled shifts and for which they were never paid wages.

20.     Class Members were pressured by Defendants to perform all the uncompensated work above. Accordingly, Defendants were aware that Class Members were working these off-the-clock hours, without proper compensation. These additional uncompensated working hours were directly related to the Class Members' jobs.

21.     All this additional uncompensated time, discussed above, was not factored into Class Members' draw versus commission pay amounts. Accordingly, Defendants defective policies and practices resulted in Class Members working hours under Defendants' employ without being paid all wages, including all required overtime wages earned for hours worked in excess of eight (8) hours a day and/or forty (40) hours a week.

22.     All the uncompensated working time performed by Class Members, discussed above, were integral and indispensable to the job duties and responsibilities of Plaintiff and the FLSA Class Members.

23.     The FLSA Class Members include of all Defendants' current and former hourly non-exempt employees who worked at any of Defendants' locations throughout the United States, including but not limited to its locations in: Los Angeles, California; Boston, Massachusetts; Charleston, South Carolina; Chicago, Illinois; Highland Park, Illinois; Dallas, Texas; Washington, D.C.; and New York, New York, and who were not paid all wages and overtime, due to Defendants' policy and/or practice of requiring Class Members to work additional working hours without compensation, during the three years immediately preceding the filing of the Complaint through the present. The California Class Members include only those current and former hourly non-exempt employees who worked in California.

24.     Plaintiff has filed a consent to join this FLSA Collective Action,

COLLECTIVE AND CLASS ACTION COMPLAINT

attached to this Complaint as Exhibit A.

25.     At all relevant times, Defendants directed and directly benefited from the uncompensated work performed by Plaintiff and the Class Members.

26.     At all relevant times, Defendants controlled the work schedules, duties, protocols, applications, assignments and employment conditions of Plaintiff and Class Members.

27.     At all relevant times, Defendants were able to track the amount of time Plaintiff and Class Members spent performing uncompensated work under Defendants' employ, as discussed herein; however, Defendants failed to document, track, or pay Plaintiff and Class Members for the off-the-clock work they performed. At all relevant times, Plaintiff and Class Members were non-exempt hourly employees, subject to the requirements of the FLSA. At all relevant times, Defendants used their training, home study, sales, work event, and general employment policies against Plaintiff and Class Members in order to cause them into performing off-the-clock work. At all relevant times, Defendants' policies and practices deprived Plaintiff and Class Members of wages owed for uncompensated work they performed under Defendants' employ. Because Plaintiff and Class Members typically worked 40 hours or more in a workweek, Defendants' policies and practices also deprived them of overtime pay.

28.     Defendants knew or should have known that the uncompensated working time spent by Plaintiff and Class Members is compensable under the law. Indeed, there is no conceivable way for Defendants to establish that it acted in good faith.

## COLLECTIVE AND CLASS ACTION ALLEGATIONS

29.     Plaintiff brings this action pursuant to 29 U.S.C. § 216 of the FLSA and Rule 23 of the Federal Rules of Civil Procedure ("FRCP"). Plaintiff seeks to represent himself and 2 classes of individuals:

    1)     Collective Action Class Pursuant to 29 U.S.C. § 216 of the FLSA, *"All current and former hourly non-exempt employees who worked for*

COLLECTIVE AND CLASS ACTION COMPLAINT

*Defendant at any time from three years prior to the filing of this Representative Action Complaint through judgment"* (the "FLSA Class")*;* and

2) Class Action Pursuant to Rule 23 of the FRCP, *"All non-exempt hourly employees, who worked for Defendant, within the State of California, from four years prior to the filing of this Class Action Complaint through judgment"* (the "California Class").

30. Defendant is liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiff and FLSA Class Members for all hours worked.

31. Consistent with Defendants' policy, pattern, or practice, Plaintiff and the FLSA Class Members were not paid premium overtime compensation when they worked beyond 40 hours in a workweek.

32. Defendant is also liable to the California Class Members under the California Labor Code for their common policy, practice, and/or pattern of: failing to pay minimum wages for all hours worked; failing to pay proper overtime in violation of Labor Code § 510 for all hours worked; failing to provide compliant meal periods and rest breaks, or premium pay in lieu thereof, in violation of Labor Code §§ 512 and 226.8; failing to reimburse for necessary business expenditures in violation of Labor Code § 2802; failing to issue accurate itemized wage statements in violation of Labor Code § 226(a); Waiting time penalties under Labor Code § 203; unfair competition under California Business and Professions Code § 17200, *et seq.*; and penalties under the Private Attorney General Act, Ca. Labor Code § 2699, *et seq.* ("PAGA").

**Common Questions of Law and Fact Predominate/**
**Well Defined Community of Interest**

33. There are common questions of law and fact as to Plaintiff and all other similarly situated employees, which predominate over questions affecting only individual members including, without limitation to, whether Defendants' policies

COLLECTIVE AND CLASS ACTION COMPLAINT

and/or practices of:

    a. Requiring Plaintiff and FLSA Class Members to work hours without compensations and, as a result, failing to properly compensate Plaintiff and FLSA Class Members minimum wages and overtime for all overtime hours worked;

    b. Requiring Plaintiff and the California Class Members to work hours without compensation and , as a result, failing to properly compensate Plaintiff and the California Class Members minimum wages and overtime for all overtime hours worked;

    c. Failing to provide the California Class Members with compliant rest breaks, or premium pay in lieu thereof, in violation of Labor Code §§ 512 and 226.7;

    d. Failing to provide the California Class Members with compliant meal periods, or premium pay in lieu thereof, in violation of Labor Code §§ 512 and 226.7;

    e. Failing to reimburse the California Class Members for necessary business expenditures incurred while executing their duties under Defendants' employ, in violation of Labor Code § 2802;

    f. Failing to issue accurate itemized wage statements to the California Class Members, in violation of Labor Code § 226(a);

    g. Failing to pay final wages to the California Class Members in accordance with Labor Code §§ 201 and 202;

    h. Engaging in unfair competition or business practices in violation of California Business and Professions Code § 17200, *et seq.*

    i. Failing to pay the California Class Members on a semi-monthly basis in accordance with Labor Code § 204; and,

### Predominance of Common Questions

34. Common questions of law and fact predominate over questions that

COLLECTIVE AND CLASS ACTION COMPLAINT

affect only individual Class Members. The common questions of law set forth above are numerous and substantial and stem from Defendants' uniform policies and/or practices of violating the FLSA and California Labor Code above. As such, these common questions predominate over individual questions concerning each individual Class Member's showing as to his or her eligibility for recovery or as to the amount of damages.

**Typicality**

35.    The claims of Plaintiff are typical of the claims of both the FLSA Class and California Class because Plaintiff was employed by Defendants as an hourly non-exempt employee in California, and the United States, during the statute of limitations period. As alleged herein, Plaintiff, like the members of the Class, was deprived wages for all hours worked including all overtime wages under the FLSA, compliant meal and rest breaks, reimbursements for necessary expenditures incurred, compliant wage statements, and the timely payment of final wages, all due to Defendants' common policies and/or practices.

**Adequacy of Representation**

36.    Plaintiff is fully prepared to take all necessary steps to fairly and adequately represent the interests of FLSA and California Class Members. Moreover, Plaintiff's attorneys are ready, willing and able to fully and adequately represent the members of both Classes and Plaintiff. Plaintiff's attorneys have prosecuted numerous wage-and-hour class actions in state and federal courts, and are committed to vigorously prosecuting this action on behalf of Plaintiff, FLSA Class Members, and California Class Members

**Superiority**

37.    The FLSA and the Labor Code are remedial in nature and serve an important public interest in establishing minimum working conditions and standards through California and the United States. These labor standards protect the average working employee from exploitation by employers who have the responsibility to

COLLECTIVE AND CLASS ACTION COMPLAINT

1    follow the laws and who may seek to take advantage of superior economic and

2    bargaining power in setting onerous terms and conditions of employment.

3    **FIRST CAUSE OF ACTION**

4    **(29 U.S.C. § 216(b) Collective Action)**

5    **VIOLATION OF THE FAIR LABORS STANDARDS ACT**

6    **28 U.S.C. § 201, ET SEQ.**

7    **FAILURE TO PAY WAGES AND OVERTIME**

8    **(By Plaintiff and all FLSA Class Members against all Defendants)**

9         38.    Plaintiff re-alleges and incorporates all previous paragraphs set forth

10   herein.

11        39.    At all times relevant to this action, Defendants were subject to the

12   mandates of the FLSA, 29 U.S.C. § 201, *et seq*. *See also* 29 C.F.R. § 791.2(b).

13        40.    At all times relevant to this action, Plaintiff was an "employee" of

14   Defendants within the meaning of 29 U.S.C. § 203(e)(1) of the FLSA.

15        41.    Plaintiff and other FLSA Class Members, by virtue of their job duties

16   and activities actually performed, are all non-exempt employees.

17        42.    At all times relevant to this action, Defendants "suffered or permitted"

18   Plaintiffs and the FLSA Class Members to work and thus "employed" them within

19   the meaning of 29 U.S.C. § 203(g) of the FLSA.

20        43.    At all times relevant to this action, Defendants required Plaintiff and

21   FLSA Class Members to perform work under Defendants employ but failed to pay

22   them the federally mandated wages and overtime compensation for all services

23   performed. Specifically, FLSA Class Members were required to perform off-the-

24   clock work, under Defendants' employ including, but not limited to: working from

25   home; communicating with clients; attending involuntary work related events after

26   working hours; conducting involuntary independent study and homework; and

27   attending involuntary training and classroom sessions, all directly related to FLSA

28   Class Members' job under Defendants' employ; all  in excess of their scheduled

shifts; and for which they were never paid mandatory wages.

44.     The uncompensated work performed Plaintiff and FLSA Class Members were an essential part of their jobs and these activities and the time associated with these activities is not *de minimis*.

45.     In workweeks where Plaintiff and other FLSA Class Members worked 40 hours or more, the uncompensated off-the-clock work time, and all other overtime should have been paid at the federally mandated rate of 1.5 times each employee's regularly hourly wage, including the shift differential where applicable. 29 U.S.C. § 207.

46.     Defendants' violations of the FLSA were knowing and willful. Defendants knew or could have determined how long it takes for the FLSA Class Members to perform these uncompensated and off-the-clock work. Further, Defendants could have easily accounted for and properly compensated Plaintiff and the FLSA Class Members for these work activities, but refused to.

47.     The FLSA, 29 U.S.C. § 216(b), provides that as a remedy for a violation of the Act, an employee is entitled to his or her unpaid wages (including unpaid overtime), plus an additional equal amount in liquidated damages (double damages), plus costs and reasonable attorneys' fees.

## SECOND CAUSE OF ACTION
## FAILURE TO PAY MINIMUM WAGES IN VIOLATION OF CALIFORNIA LABOR CODE §§ 1182.11-1182.13, 1194, 1194.2, AND 11197
**(By Plaintiff and the California Class Members Against All Defendants)**

48.     Plaintiff realleges and incorporates all preceding paragraphs, as though set forth in full herein.

49.     Defendants failed to pay the California Class Members minimum wages for all hours worked. Specifically, Defendants had a common policy, practice, and/or pattern of requiring the California Class Members to perform off-the-clock work, under Defendants' employ including, but not limited to: working

COLLECTIVE AND CLASS ACTION COMPLAINT

from home; communicating with clients; attending work related events after working hours; conducting independent study and homework; and attending classroom sessions, all in excess of their scheduled shifts and for which they were never paid wages. California Labor Code § 1197, entitled "Pay of Less Than Minimum Wage" states:

> The minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of a less wage than the minimum so fixed is unlawful.

50. The applicable minimum wages fixed by the commission for work during the relevant period is found in the Wage Orders. Pursuant to the Wage Orders, Plaintiff and the California Class Members are therefore entitled to double the minimum wage during the relevant period.

51. The minimum wage provisions of California Labor Code are enforceable by private civil action pursuant to California Labor Code § 1194(a) which states:

> Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees and costs of suit.

52. As described in California Labor Code §§ 1185 and 1194.2, any action for wages incorporates the applicable Wage Order of the California Industrial Welfare Commission.

53. California Labor Code § 1194.2 also provides for the following remedies:

> In any action under Section 1194 . . . to recover wages because of the payment of a wage less than the minimum wages fixed by an order of the commission, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

- 14 -

COLLECTIVE AND CLASS ACTION COMPLAINT

54.    Defendants have the ability to pay minimum wages for all time worked and have willfully refused to pay such wages with the intent to secure for Defendants a discount upon this indebtedness with the intent to annoy, harass, oppress, hinder, delay, or defraud Plaintiff and the California Class Members.

55.    Wherefore, the California Class Members are  entitled to recover the unpaid minimum wages (including double minimum wages), liquidated damages in an amount equal to the minimum wages unlawfully unpaid, interest thereon and reasonable attorney's fees and costs of suit pursuant to California Labor Code § 1194(a).

## THIRD CAUSE OF ACTION

## FAILURE TO PAY WAGES AND OVERTIME IN VIOLATION OF CALIFORNIA LABOR CODE § 510

**(By Plaintiff and the California Class Members Against All Defendants)**

56.    Plaintiff realleges and incorporates all preceding paragraphs, as though set forth in full herein.

57.    By their conduct, as set forth herein, Defendants violated California Labor Code § 510 (and the relevant orders of the Industrial Welfare Commission) by failing to pay the California Class Members: (a) time and one-half their regular hourly rates for hours worked in excess of eight (8) hours in a workday or in excess of forty (40) hours in any workweek.

58.    Specifically, Defendants had a consistent policy, practice, and/or pattern of not paying the California Class Members overtime. The California Class Members consistently worked in excess of eight (8) hours a day, and/or forty (40) hours a week. However, the California Class Members were paid a lump sum, at straight time, for all hours worked. Additionally, as discussed above, the California Class Members were required to work off-the-clock hours without pay including working from home; communicating with clients; attending work related events

COLLECTIVE AND CLASS ACTION COMPLAINT

after working hours; conducting independent study and homework; and attending classroom sessions, all in excess of their scheduled shifts and for which they were never paid wages. These uncompensated working hours caused the California Class Members to work in excess of eight (8) hours on a given day, and/or forty (40) hours in a given week, further entitling the California Class Members to overtime wages which they were never paid.

59.     Defendants' failure to pay compensation in a timely fashion also constituted a violation of California Labor Code § 204, which requires that all wages shall be paid semimonthly. From four (4) years prior to the filing of this lawsuit to the present, in direct violation of that provision of the California Labor Code, Defendants have failed to pay all wages and overtime compensation earned by the California Class Members. Each such failure to make a timely payment of compensation to the California Class Members constitutes a separate violation of California Labor Code § 204.

60.     Moreover, given Defendants' forgoing violations, Defendants also violated Labor Code § 1174 requiring employers to keep records showing payroll records and the hours worked daily by and the wages paid to employees.

61.     The California Class Members have been damaged by these violations of California Labor Code §§ 204 and 510 (and the relevant orders of the Industrial Welfare Commission).

62.     Consequently, pursuant to California Labor Code §§ 204, 510, and 1194 (and the relevant orders of the Industrial Welfare Commission), Defendants are liable to the California Class Members for the full amount of all their unpaid wages and overtime compensation, with interest, plus their reasonable attorneys' fees and costs.

///

///

///

COLLECTIVE AND CLASS ACTION COMPLAINT

**FOURTH CAUSE OF ACTION**

**MEAL PERIOD LIABILITY UNDER CALIFORNIA LABOR CODE § 226.7**

**(By Plaintiff and the California Class Members Against All Defendants)**

63.    Plaintiff realleges and incorporates all preceding paragraphs, as though set forth in full herein.

64.    The California Class Members regularly worked shifts greater than five (5) hours. Pursuant to Labor Code § 512 an employer may not employ someone for a shift of more than five (5) hours without providing him or her with a meal period of not less than thirty (30) minutes.

65.    Defendants had a common policy, practice, and/or pattern of failing to provide the California Class Members with meal periods as required under the Labor Code. Specifically, the California Class Members were required to work through their meal periods, nor were they afforded the opportunity to take uninterrupted meal periods in accordance with Cal. Labor Code § 512. Moreover, what meal periods the California Class Members did receive were less than 30 minutes, all in violation of Labor Code and applicable Wage Orders. Moreover, Defendants failed to compensate the California Class Members for each meal period not provided or inadequately provided, in the form of "premium pay" as required under Labor Code § 226.7.

66.    Therefore, pursuant to Labor Code § 226.7, the California Class Members are entitled to damages in an amount equal to one (1) hour of wages at their effective hourly rates of pay for each meal period not provided or deficiently provided, a sum to be proven at trial.

**FIFTH CAUSE OF ACTION**

**REST BREAK LIABILITY UNDER CALIFORNIA LABOR CODE § 226.7**

**(By Plaintiff and the California Class Members Against All Defendants)**

67.    Plaintiff realleges and incorporates all preceding paragraphs, as though set forth in full herein.

COLLECTIVE AND CLASS ACTION COMPLAINT

68. The California Class Members consistently worked consecutive four (4) hour shifts. Pursuant to the Labor Code and the applicable IWC Wage Order, Employees were entitled to paid rest breaks of not less than ten (10) minutes for each consecutive four (4) hour shift.

69. Defendants had a common policy, practice, and/or pattern of failing to provide the California Class Members with timely rest breaks of not less than ten (10) minutes for each consecutive four (4) hour shift.

70. Moreover, Defendants did not compensate the California Class Members with an additional hour of pay at each the California Class Members' effective hourly rate for each day that Defendants failed to provide them with adequate rest breaks, as required under Labor Code § 226.7.

71. Therefore, pursuant to Labor Code § 226.7, the California Class Members are entitled to damages in an amount equal to one (1) hour of wages at their effective hourly rates of pay for each day worked without the required rest breaks, a sum to be proven at trial.

**SIXTH CAUSE OF ACTION**

**FAILURE TO REIMBURSE FOR NECESSARY EXPENDITURES IN VIOLATION OF CALIFORNIA LABOR CODE § 2802**

**(By Plaintiff and the California Class Members Against All Defendants)**

72. Plaintiff realleges and incorporates all preceding paragraphs, as though set forth in full herein.

73. Under Labor Code § 2802(a) an employer must indemnify its employees for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer.

74. Defendants had a common policy, practice, and/or pattern of consistently failing to reimburse the California Class Members for these necessarily incurred business expenses. The California Class Members incurred necessary

- 18 -

COLLECTIVE AND CLASS ACTION COMPLAINT

1   expenditures in the performance of their job duties for Defendants. Specifically, the

2   California Class Members had to purchase computers and cellular telephone service

3   to perform their duties under Defendants' employ, including but not limited to,

4   communicating with clients, performing at home work study, and responding to

5   emails. The California Class Members also incurred expenses in the form of gas and

6   mileage for driving to work related events, discussed herein. All the forgoing

7   expenses were incurred by the California Class Members in order to execute their

8   duties under Defendants' employ, and for which they were never reimbursed

9        75.    As a result of the unlawful acts of Defendants, the California Class

10   Members have been deprived of reimbursement in amounts to be determined at trial;

11   they are entitled to recovery of such amounts, plus interest and penalties thereon,

12   attorneys' fees, and costs.

13   **SEVENTH CAUSE OF ACTION**

14   **WAITING TIME PENALTIES UNDER CALIFORNIA LABOR CODE § 203**

15   **(By Plaintiff and the California Class Members Against All Defendants)**

16        76.    Plaintiff realleges and incorporates all preceding paragraphs, as though

17   set forth in full herein.

18        77.    Numerous California Class Members are no longer employed by

19   Defendants; they either quit Defendants' employ or were fired therefrom.

20        78.    In failing to pay the California Class Members their minimum wages,

21   overtime wages, premium pay for deficiently provided meal periods and rest breaks,

22   and unreimbursed expenses, all discussed above, Defendants willfully failed to pay

23   these the California Class Members all wages due and certain at the time of

24   termination or within seventy-two (72) hours of resignation.

25        79.    The wages withheld from these the California Class Members by

26   Defendants remained due and owing for more than thirty (30) days from the date of

27   separation of employment.

28        80.    Defendants' failure to pay wages, as alleged above, was willful in that

- 19 -

COLLECTIVE AND CLASS ACTION COMPLAINT

1   Defendants knew wages to be due but failed to pay them; this violation entitles the

2   California Class Members to penalties under Labor Code § 203, which provides that

3   an employee's wages shall continue until paid for up to thirty (30) days from the

4   date they were due.

5   **EIGHTH CAUSE OF ACTION**

6   **VIOLATION OF CALIFORNIA LABOR CODE § 226(a)**

7   **(By Plaintiff and the California Class Members Against All Defendants)**

8   81.   Plaintiff realleges and incorporates all preceding paragraphs, as though

9   set forth in full herein.

10   82.   California Labor Code § 226(a) requires an employer to furnish each of

11   his or her employees with an accurate, itemized statement in writing showing,

12   among other things: (2) total hours worked by the employee . . . (9) all applicable

13   hourly rates in effect during the pay period and the corresponding number of hours

14   worked at each hourly rate by the employee. These statements must be appended to

15   the detachable part of the check, draft, voucher, or whatever else serves to pay the

16   employee's wages; or, if wages are paid by cash or personal check, these statements

17   may be given to the employee separately from the payment of wages; in either case

18   the employer must give the employee these statements twice a month or each time

19   wages are paid.

20   83.   Defendants failed to provide the California Class Members with

21   accurate, itemized wage statements in writing as required by the California Labor

22   Code. Specifically, the wage statements issued to the California Class Members

23   failed to include the requisite information under Subsections (2) and (9) above.

24   Additionally, the California Class Members wage statements were further defective

25   in that they failed to account for the unpaid wages, overtime, unreimbursed

26   expenses, and premium pay for deficiently provided meal periods and rest breaks,

27   all of which Defendants knew, or reasonably should have known, were owed to the

28   California Class Members, as alleged above.

COLLECTIVE AND CLASS ACTION COMPLAINT

84.     Moreover, in doing so, from at least one (1) year prior to the filing of this lawsuit and continuing to the present, Defendants failed to timely pay the California Class Members wages on a semimonthly basis as required under Labor Code § 204. Defendants also failed to maintain records showing accurate hours worked daily and the wages paid to the California Class Members, as well as the meal and rest periods taken by the California Class Members, as required by Labor Code § 1174 and the applicable IWC wage orders.

85.     As a direct and proximate cause of Defendants' violation of Labor Code § 226(a), the California Class Members suffered injuries, including among other things confusion over whether they received all wages owed them, the difficulty and expense involved in reconstructing pay records, and forcing them to make mathematical computations to analyze whether the wages paid in fact compensated them correctly for all hours worked.

86.     Pursuant to Labor Code §§ 226(a) and 226(e), the California Class Members are entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000). They are also entitled to an award of costs and reasonable attorneys' fees.

## NINTH CAUSE OF ACTION

## UNFAIR COMPETITION UNDER CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200, *ET SEQ.*

**(By Plaintiff and the California Class Members Against All Defendants)**

87.     Plaintiff realleges and incorporates all preceding paragraphs, as though set forth in full herein.

88.     Plaintiff, on behalf of himself, the California Class Members, and the general public, brings this claim pursuant to California Business & Professions Code § 17200, *et seq.* The conduct of Defendants as alleged in this Complaint has been

COLLECTIVE AND CLASS ACTION COMPLAINT

1   and continues to be unfair, unlawful, and harmful to the California Class Members

2   and the general public. Plaintiff seeks to enforce important rights affecting the

3   public interest within the meaning of Code of Civil Procedure

4   § 1021.5.

5       89.    Plaintiff is a "person" within the meaning of California Business &

6   Professions Code § 17204, has suffered injury, and therefore has standing to bring

7   this cause of action for injunctive relief, restitution, and other appropriate equitable

8   relief.

9       90.    Business & Professions Code § 17200 et seq. prohibits unlawful and

10  unfair business practices.

11      91.    Wage-and-hour laws express fundamental public policies. Paying

12  employees minimum wages, their wages, overtime, and reimbursements for

13  necessary expenditures, and providing them with meal periods, etc., are fundamental

14  public policies of California. Labor Code § 90.5(a) articulates the public policies of

15  this State vigorously to enforce minimum labor standards, to ensure that employees

16  are not required or permitted to work under substandard and unlawful conditions,

17  and to protect law-abiding employers and their employees from competitors who

18  lower costs to themselves by failing to comply with minimum labor standards.

19      92.    Defendants have violated statutes and public policies. Through the

20  conduct alleged in this Complaint Defendants have acted contrary to these public

21  policies, have violated specific provisions of the Labor Code, and have engaged in

22  other unlawful and unfair business practices in violation of Business & Professions

23  Code § 17200 et seq.; which conduct has deprived Plaintiff, all California Class

24  Members, and all interested persons, of the rights, benefits, and privileges

25  guaranteed to all employees under the law.

26      93.    Defendants' conduct, as alleged hereinabove, constitutes unfair

27  competition in violation of the Business & Professions Code § 17200 et seq.

28      94.    Defendants, by engaging in the conduct herein alleged, by failing to

- 22 -

COLLECTIVE AND CLASS ACTION COMPLAINT

1   pay wages, overtime, provide meal periods, etc., either knew or in the exercise of

2   reasonable care should have known that their conduct was unlawful; therefore their

3   conduct violates the Business & Professions Code § 17200 et seq.

4       95.     As a proximate result of the above-mentioned acts of Defendants,

5   Plaintiff and the California Class Members have been damaged, in a sum to be

6   proven at trial.

7       96.     Unless restrained by this Court Defendants will continue to engage in

8   such unlawful conduct as alleged above. Pursuant to the California Business &

9   Professions Code this Court should make such orders or judgments, including the

10  appointment of a receiver, as may be necessary to prevent the use by Defendants or

11  their agents or employees of any unlawful or deceptive practice prohibited by the

12  Business & Professions Code, including but not limited to the disgorgement of such

13  profits as may be necessary to restore the California Class Members to the money

14  Defendants have unlawfully failed to pay.

15                    **TENTH CAUSE OF ACTION**

16                    **PENALTIES PURSUANT TO**

17          **CALIFORNIA LABOR CODE § 2699, ET SEQ.**

18      **(By Plaintiff and the California Class Members Against All Defendants)**

19      97.     Plaintiff realleges and incorporates all preceding paragraphs, as though

20  set forth in full herein.

21      98.     Plaintiff and the California Class Members are aggrieved employees as

22  defined under Labor Code § 2699(c) in that they suffered the violations alleged in

23  this Complaint and were employed by the alleged violators, Defendants.

24      99.     In failing to pay the California Class Members minimum wages and

25  overtime, failing to reimburse them for necessary business expenditures, failing to

26  provide them with proper meal and rest periods, in failing to provide accurate

27  itemized wage statements, and in failing to pay the California Class Members wages

28  upon termination or timely upon resignation, all discussed above, Defendants failed

- 23 -

to timely pay the California Class Members wages on a semimonthly basis as required under Labor Code § 204. Defendants also failed to maintain records showing accurate hours worked daily and the wages paid to the California Class Members, as required by Labor Code § 1174 and the applicable IWC wage orders.

100.   As such, the California Class Members seek wages and penalties under Labor Code §§ 2698 and 2699 for Defendants' violation of all Labor Code provisions included under Labor Code § 2699.5 and includes the penalty provisions, without limitation, based on the following California Labor Code sections: 201, 202, 203, 204, 226, 226.7, 510, 512, 558, 1174, 1174.5, 1185, 1194, 1194.2, 1197, 1199, 2802, 2698, and 2699, *et seq.*

101.   The penalties shall be allocated as follows: 75% to the Labor and Workforce Development Agency (LWDA) and 25% to the affected employee.

102.   The California Class Members also seek any and all penalties and remedies set forth in Labor Code § 558, which states:

> (a)   Any employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of this chapter or any provision regulating hours and days of work in any order of the Industrial Welfare Commission shall be subject to a civil penalty as follows: (1) For any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages. (2) For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages. (3) Wages recovered pursuant to this section shall be paid to the affected employee.
>
> (b)   If upon inspection or investigation the Labor Commissioner determines that a person had paid or caused to be paid a wage for overtime work in violation of any provision of this chapter, or any provision regulating hours and days of work in any order of the

COLLECTIVE AND CLASS ACTION COMPLAINT

Industrial   Welfare   Commission,   the   Labor Commissioner may issue a citation. The procedures for issuing,   contesting,   and   enforcing   judgments   for citations   or   civil   penalties   issued   by   the   Labor Commissioner for a violation of this chapter shall be the same as those set out in Section 1197.1.

(c)     The civil penalties provided for in this section are in addition to any other civil or criminal penalty provided by law.

103.     Plaintiff has exhausted his administrative remedy by sending a certified letter to the LWDA and Defendants postmarked on June13, 2017. The LWDA has not provided notice of its intent to investigate the alleged violations within 65 calendar days of the postmark date of the letter

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests the following relief:

**As to the FLSA Class**

1.     An Order certifying this case as a collective action in accordance with 29 U.S.C. § 216(b) with respect to the FLSA claims set forth herein (Count I);

2.     For an order appointing Plaintiff as representative of the FLSA Class

3.     For an Order appointing Counsel for Plaintiff as Counsel for the FLSA Class;

4.     Upon Count I, for compensatory, consequential, general, and special damages pursuant 29 U.S.C. §§ 207 and 216;

5.     Liquidated damages and pre- and post-judgment interest on all due and unpaid wages pursuant to 29 U.S.C. §§ 207 and 216;

6.     Attorneys' fees and costs as provided by 29 U.S.C. §§ 206, 207, and 216; and

7.     For such other and further relief the Court may deem proper

**As to the California Class**

8.     For an order certifying this action as a class action under F.R.C.P. Rule

COLLECTIVE AND CLASS ACTION COMPLAINT

1 │ 23, and appointment of Plaintiff and Plaintiff's counsel to represent the California

2 │ Class;

3 │      9.    For an order appointing Plaintiff as the representative of the California

4 │ Class;

5 │      10.    For an order appointing Plaintiff's counsel as class counsel for the

6 │ California Class;

7 │      11.    For compensatory damages, under Labor Code § 1194, in the amount

8 │ of the unpaid minimum wages for work performed by Plaintiff and unpaid overtime

9 │ compensation from at least four (4) years prior to the filing of this action, according

10 │ to proof;

11 │      12.    For liquidated damages, under Labor Code § 1194.2, in the amount

12 │ equal to the unpaid minimum wage and interest thereon, from at least four (4) years

13 │ prior to the filing of this action, according to proof;

14 │      13.    For compensatory damages, under Labor Code §§ 510 and 1194, in the

15 │ amount of all unpaid wages, including overtime, as may be proven;

16 │      14.    For compensatory damages, under Labor Code § 226.7, in the amount

17 │ of the hourly wage made by the California Class Members for each missed or

18 │ deficient meal period where no premium pay was paid therefor from four (4) years

19 │ prior to the filing of this action, as may be proven;

20 │      15.    For compensatory damages, under Labor Code § 226.7, in the amount

21 │ of the hourly wage made by the California Class Members for each missed or

22 │ deficient rest breaks where no premium pay was paid therefore from four (4) years

23 │ prior to the filing of this action, as may be proven;

24 │      16.    For compensatory damages, under Labor Code § 2802, in the amount

25 │ of all unreimbursed expenses, incurred by the California Class Members, from four

26 │ (4) years prior to the filing of this action, as may be proven;

27 │      17.    For penalties pursuant to Labor Code § 226(e), as may be proven;

28 │      18.    For penalties pursuant to Labor Code § 203, as may be proven;

- 26 -

COLLECTIVE AND CLASS ACTION COMPLAINT

19.     For restitution for unfair competition pursuant to Business & Professions Code § 17200 et seq., including disgorgement or profits, as may be proven;

20.     For an order enjoining Defendants and their agents, servants, and employees, and all persons acting under, in concert with, or for them, from acting in derogation of any rights or duties adumbrated in this Complaint;

21.     For wages and penalties under Labor Code § 558, as may be proven;

22.     For penalties pursuant to Labor Code § 2699, *et seq.*, as may be proven;

23.     For all general, special, and incidental damages as may be proven;

24.     For punitive damages, subject to proof;'

25.     For an award of pre-judgment and post-judgment interest;

26.     For an award providing for the payment of the costs of this suit;

27.     For an award of attorneys' fees; and

28.     For such other and further relief as this Court may deem proper and just.

Dated: July 10, 2017                          DAVID YEREMIAN & ASSOCIATES, INC.

                                              By:_____/s/ David Yeremian_____
                                                   David Yeremian
                                                   David Keledjian
                                                   Attorneys for Plaintiff
                                                   and the putative class

- 27 -
COLLECTIVE AND CLASS ACTION COMPLAINT

## **JURY DEMAND**

Plaintiff, Darius Rowser, individually and on behalf of all others similarly situated, by and through his attorneys, hereby demand a trial by jury.


Dated: July 10, 2017                          DAVID YEREMIAN & ASSOCIATES, INC.

                                              By:_____/s/ David Yeremian_____
                                                    David Yeremian
                                                    David Keledjian
                                                    Attorneys for Plaintiff
                                                    and the putative class

COLLECTIVE AND CLASS ACTION COMPLAINT