ROGER M. MANSUKHANI  (CA SBN: 164463)
rmansukhani@grsm.com
ROBERT D. WILSON III  (CA SBN: 226309)
rwilson@grsm.com
ANDREW J. DEDDEH  (CA SBN: 272638)
adeddeh@grsm.com
GORDON & REES LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071
Telephone: (213) 576-5000
Facsimile: (213) 680-4470

Attorneys for Defendant TRUNK CLUB, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

DARIUS ROWSER, on behalf of
himself, and all others similarly
situated,

           Plaintiff,

   vs.

TRUNK CLUB, INC., a Delaware
corporation; and DOES 1 through 10,
inclusive,

           Defendants.

) CASE NO. 2:17-cv-05064-DSF
) (RAOx)
)
) **DEFENDANT TRUNK CLUB,**
) **INC.'S ANSWER TO**
) **PLAINTIFF'S FIRST**
) **AMENDED COMPLAINT**
)
) Dept:  7D
) Judge:  Hon. Dale S. Fisher
) Magistrate:   Rozella A. Oliver
)
)

      Defendant TRUNK CLUB, INC. (hereinafter "Defendant"), for itself, by

and through its undersigned attorneys, answers the First Amended Complaint

(hereinafter "FAC") filed by Plaintiff DARIUS ROWSER (hereinafter "Plaintiff")

on August 17, 2017 as follows:

## JURISDICTION

      1.     Answering paragraph 1 of the FAC, Plaintiff's allegations in

paragraph 1 of the FAC address Plaintiff's claims regarding jurisdiction of this

Court and therefore do not require a response by Defendant.

      2.     Answering paragraph 2 of the FAC, Plaintiff's allegations in

paragraph 2 of the FAC address Plaintiff's claims regarding jurisdiction of this

Court and therefore do not require a response by Defendant.

      3.     Answering paragraph 3 of the FAC, Defendant denies specifically and

*Gordon & Rees LLP*
*633 West Fifth Street, 52nd Floor*
*Los Angeles, CA  90071*

1  generally, each and all of the allegations in paragraph 3.

2  <u>**VENUE**</u>

3  4.  Answering paragraph 4 of the FAC, Plaintiff's allegations in

4  paragraph 4 of the FAC address Plaintiff's claims regarding jurisdiction of this

5  Court and therefore do not require a response by Defendant.

6  5.  Answering paragraph 5 of the FAC, Defendant admits Plaintiff

7  DARIUS ROWSER was employed by Defendant TRUNK CLUB, INC. from May

8  02, 2016 through December 28, 2016.  As to the remaining allegations in

9  paragraph 5 of the FAC, Defendant denies specifically and generally, each and all

10  of the remaining allegations in paragraph 5.

11  <u>**PARTIES**</u>

12  6.  Answering paragraph 6 of the FAC, Defendant does not have

13  sufficient information at this time to either admit or deny the allegations of

14  paragraph 6 of the FAC.

15  7.  Answering paragraph 7 of the FAC, Defendant admits it is licensed to

16  do business in the State of California.  Defendant further admits that its registered

17  agent for service of process in California is CORPORATE CREATIONS

18  NETWORK INC., which is located at 1430 Truxtun Ave., 5th Floor, Bakersfield,

19  California 93301.  As to the remaining allegations in paragraph 7 of the FAC,

20  Defendant denies specifically and generally, each and all of the remaining

21  allegations in paragraph 7 of the FAC.

22  8.  Answering paragraph 8 of the FAC, Defendant admits it employed

23  Plaintiff and other hourly non-exempt employees within the United States.   As to

24  the remaining allegations in paragraph 8 of the FAC, Defendant denies specifically

25  and generally, each and all of the remaining allegations in paragraph 8 of the FAC.

26  9.  Answering paragraph 9 of the FAC, Defendant admits it employed

27  Plaintiff and other hourly non-exempt employees within the State of California.

28  As to the remaining allegations in paragraph 9 of the FAC, Defendant denies

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA  90071

-2-
DEFENDANT TRUNK CLUB, INC.'S ANSWER TO PLAINTIFF'S
FIRST AMENDED COMPLAINT

specifically and generally, each and all of the remaining allegations in paragraph 9 of the FAC.

10.     Answering paragraph 10 of the FAC, Defendant denies specifically and generally, each and all of the allegations in paragraph 10.

11.     Answering paragraph 11 of the FAC, Defendant denies specifically and generally, each and all of the allegations in paragraph 11.

12.     Answering paragraph 12 of the FAC, Defendant denies specifically and generally, each and all of the allegations in paragraph 12.

13.     Answering paragraph 13 of the FAC, Defendant does not have sufficient information at this time to either admit or deny the allegations of paragraph 13 of the FAC.  The allegations are directed to potential DOE defendants and other fictitious entities.

14.     Answering paragraph 14 of the FAC, Defendant denies specifically and generally, each and all of the allegations in paragraph 14 of the FAC.

15.     Answering paragraph 15 of the FAC, Defendant does not have sufficient information at this time to either admit or deny the allegations of paragraph 15 of the FAC.

## ADMINISTRATIVE REMEDIES

16.     Answering paragraph 16 of the FAC, Defendant does not have sufficient information at this time to either admit or deny the allegations of paragraph 16 of the FAC.

17.     Answering paragraph 17 of the FAC, Defendant denies specifically and generally, each and all of the allegations in paragraph 17.

## GENERAL FACTUAL ALLEGATIONS

18.     Answering paragraph 18 of the FAC, Defendant admits Plaintiff DARIUS ROWSER was employed by Defendant TRUNK CLUB, INC. from May 02, 2016 through December 28, 2016.  Defendant does not have sufficient information at this time to either admit or deny the remaining allegations of

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA  90071

-3-

1   paragraph 18 of the FAC.

2       19.     Answering paragraph 19 of the FAC, Defendant denies specifically

3   and generally, each and all of the allegations in paragraph 19 of the FAC.

4       20.     Answering paragraph 20 of the FAC, Defendant denies specifically

5   and generally, each and all of the allegations in paragraph 20 of the FAC.

6       21.     Answering paragraph 21 of the FAC, Defendant denies specifically

7   and generally, each and all of the allegations in paragraph 21 of the FAC.

8       22.     Answering paragraph 22 of the FAC, Defendant denies specifically

9   and generally, each and all of the allegations in paragraph 22 of the FAC.

10      23.     Answering paragraph 23 of the FAC, Defendant denies specifically

11  and generally, each and all of the allegations in paragraph 23 of the FAC.

12      24.     Answering paragraph 24 of the FAC, Defendant denies specifically

13  and generally, each and all of the allegations in paragraph 24 of the FAC.

14      25.     Answering paragraph 25 of the FAC, Defendant denies specifically

15  and generally, each and all of the allegations in paragraph 25 of the FAC.

16      26.     Answering paragraph 26 of the FAC, Defendant denies specifically

17  and generally, each and all of the allegations in paragraph 26 of the FAC.

18      27.     Answering paragraph 27 of the FAC, Defendant denies specifically

19  and generally, each and all of the allegations in paragraph 27 of the FAC.

20      28.     Answering paragraph 28 of the FAC, Defendant denies specifically

21  and generally, each and all of the allegations in paragraph 28 of the FAC.

22  **COLLECTIVE AND CLASS ACTION ALLEGATIONS**

23      29.     Answering paragraph 29 of the FAC, Defendant does not have

24  sufficient information at this time to either admit or deny the allegations of

25  paragraph 29 of the FAC and the subparts contained therein.

26      30.     Answering paragraph 30 of the FAC, Defendant denies specifically

27  and generally, each and all of the allegations in paragraph 30 of the FAC.

28      31.     Answering paragraph 31 of the FAC, Defendant denies specifically

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA  90071

-4-

1   and generally, each and all of the allegations in paragraph 31 of the FAC.

2       32.    Answering paragraph 32 of the FAC, Defendant denies specifically

3   and generally, each and all of the allegations in paragraph 32 of the FAC.

4   **Common Questions of Law and Fact Predominate/**

5   **Well Defined Community of Interest**

6       33.    Answering paragraph 33 of the FAC, Defendant denies specifically

7   and generally, each and all of the allegations in paragraph 33 of the FAC and the

8   subparts contained therein.

9       34.    Answering paragraph 34 of the FAC, Defendant denies specifically

10   and generally, each and all of the allegations in paragraph 34 of the FAC.

11   **Typicality**

12       35.    Answering paragraph 35 of the FAC, Defendant admits that Plaintiff

13   was employed by Defendant TRUNK CLUB, INC.  Defendant denies specifically

14   and generally, each and all of the remaining allegations in paragraph 35 of the

15   FAC.

16   **Adequacy of Representation**

17       36.    Answering paragraph 36 of the FAC, Defendant denies specifically

18   and generally, each and all of the allegations in paragraph 36 of the FAC.

19   **Superiority**

20       37.    Answering paragraph 37 of the FAC, Defendant denies specifically

21   and generally, each and all of the allegations in paragraph 37 of the FAC.

22   **FIRST CAUSE OF ACTION**

23   **(29 U.S.C § 216(b) Collective Action)**

24   **VIOLATION OF THE FAIR LABOR STANDARDS ACT**

25   **28 U.S.C. § 201, ET SEQ.**

26   **FAILURE TO PAY WAGES AND OVERTIME**

27   **(By Plaintiff and all FLSA Class Members against all Defendants)**

28       38.    Answering paragraph 38 of the FAC, Defendant incorporates by

*Gordon & Rees LLP*
*633 West Fifth Street, 52nd Floor*
*Los Angeles, CA  90071*

DEFENDANT TRUNK CLUB, INC.'S ANSWER TO PLAINTIFF'S
FIRST AMENDED COMPLAINT

reference paragraphs 1 through 37 of this Answer as though fully stated herein.

39.     Answering paragraph 39 of the FAC, Defendant denies specifically and generally, each and all of the allegations in paragraph 39 of the FAC.

40.     Answering paragraph 40 of the FAC, Defendant admits Plaintiff DARIUS ROWSER was employed by Defendant TRUNK CLUB, INC. from May 02, 2016 through December 28, 2016.  As to the remaining allegations in paragraph 40 of the FAC, Defendant denies specifically and generally, each and all of the remaining allegations in paragraph 40 of the FAC.

41.     Answering paragraph 41 of the FAC, Defendant denies specifically and generally, each and all of the allegations in paragraph 41 of the FAC.

42.     Answering paragraph 42 of the FAC, Defendant denies specifically and generally, each and all the allegations of paragraph 42 of the FAC.

43.     Answering paragraph 43 of the FAC, Defendant denies specifically and generally, each and all the allegations of paragraph 43 of the FAC.

44.     Answering paragraph 44 of the FAC, Defendant denies specifically and generally, each and all of the allegations in paragraph 44 of the FAC.

45.     Answering paragraph 45 of the FAC, Defendant denies specifically and generally, each and all of the allegations in paragraph 45 of the FAC.

46.     Answering paragraph 46 of the FAC, Defendant denies specifically and generally, each and all of the allegations in paragraph 46 of the FAC.

47.     Answering paragraph 47 of the FAC, Defendant denies specifically and generally, each and all of the allegations in paragraph 47 of the FAC.

## SECOND CAUSE OF ACTION

## FAILURE TO PAY MINIMUM WAGES IN VIOLATION OF

## CALIFORNIA LABOR CODE §§ 1182.11-1182.13, 1194, 1194.2, AND 1197

## (By Plaintiff and the California Class Members Against All Defendants)

48.     Answering paragraph 48 of the FAC, Defendant incorporates by reference paragraphs 1 through 47 of this Answer as though fully stated herein.

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA  90071

49.     Answering paragraph 49 of the FAC, Defendant denies specifically and generally, each and all of the allegations in paragraph 49 of the FAC.

50.     Answering paragraph 50 of the FAC, Defendant denies specifically and generally, each and all of the allegations in paragraph 50 of the FAC.

51.     Answering paragraph 51 of the FAC, Defendant denies specifically and generally, each and all of the allegations in paragraph 51 of the FAC.

52.     Answering paragraph 52 of the FAC, Defendant denies specifically and generally, each and all of the allegations in paragraph 52 of the FAC.

53.     Answering paragraph 53 of the FAC, Defendant denies specifically and generally, each and all of the allegations in paragraph 53 of the FAC.

54.     Answering paragraph 54 of the FAC, Defendant denies specifically and generally, each and all of the allegations in paragraph 54 of the FAC.

55.     Answering paragraph 55 of the FAC, Defendant denies specifically and generally, each and all of the allegations in paragraph 55 of the FAC.

## THIRD CAUSE OF ACTION

## FAILURE TO PAY WAGES AND OVERTIME IN VIOLATION OF CALIFORNIA LABOR CODE § 510

**(By Plaintiff and the California Class Members Against All Defendants)**

56.     Answering paragraph 56 of the FAC, Defendant incorporates by reference paragraphs 1 through 55 of this Answer as though fully stated herein.

57.     Answering paragraph 57 of the FAC, Defendant denies specifically and generally, each and all of the allegations in paragraph 57 of the FAC.

58.     Answering paragraph 58 of the FAC, Defendant denies specifically and generally, each and all of the allegations in paragraph 58 of the FAC.

59.     Answering paragraph 59 of the FAC, Defendant denies specifically and generally, each and all of the allegations in paragraph 59 of the FAC.

60.     Answering paragraph 60 of the FAC, Defendant denies specifically and generally, each and all of the allegations in paragraph 60 of the FAC.

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

DEFENDANT TRUNK CLUB, INC.'S ANSWER TO PLAINTIFF'S
FIRST AMENDED COMPLAINT

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

61.     Answering paragraph 61 of the FAC, Defendant denies specifically and generally, each and all of the allegations in paragraph 61 of the FAC.

62.     Answering paragraph 62 of the FAC, Defendant denies specifically and generally, each and all of the allegations in paragraph 62 of the FAC.

## FOURTH CAUSE OF ACTION

## MEAL PERIOD LIABILITY UNDER CALIFORNIA LABOR CODE §226.7

**(By Plaintiff and the California Class Members Against All Defendants)**

63.     Answering paragraph 63 of the FAC, Defendant incorporates by reference paragraphs 1 through 62 of this Answer as though fully stated herein.

64.     Answering paragraph 64 of the FAC, Defendant denies specifically and generally, each and all of the allegations of paragraph 64 of the FAC.

65.     Answering paragraph 65 of the FAC, Defendant denies specifically and generally, each and all of the allegations in paragraph 65.

66.     Answering paragraph 66 of the FAC, Defendant denies specifically and generally, each and all of the allegations in paragraph 66.

## FIFTH CAUSE OF ACTION

## REST BREAK LIABILITY UNDER CALIFORNIA LABOR CODE §226.7

**(By Plaintiff and the California Class Members Against All Defendants)**

67.     Answering paragraph 67 of the FAC, Defendant incorporates by reference paragraphs 1 through 66 of this Answer as though fully stated herein.

68.     Answering paragraph 68 of the FAC, Defendant denies specifically and generally, each and all of the allegations in paragraph 68 of the FAC.

69.     Answering paragraph 69 of the FAC, Defendant denies specifically and generally, each and all of the allegations in paragraph 69 of the FAC.

70.     Answering paragraph 70 of the FAC, Defendant denies specifically and generally, each and all of the allegations in paragraph 70 of the FAC.

71.     Answering paragraph 71 of the FAC, Defendant denies specifically and generally, each and all of the allegations in paragraph 71 of the FAC.

DEFENDANT TRUNK CLUB, INC.'S ANSWER TO PLAINTIFF'S
FIRST AMENDED COMPLAINT

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA  90071

### SIXTH CAUSE OF ACTION

### FAILURE TO REIMBURSE FOR NECESSARY EXPENDITURES IN VIOLATION OF CALIFORNIA LABOR CODE §2802

**(By Plaintiff and the California Class Members Against All Defendants)**

72.    Answering paragraph 72 of the FAC, Defendant incorporates by reference paragraphs 1 through 71 of this Answer as though fully stated herein.

73.    Answering paragraph 73 of the FAC, Defendant denies specifically and generally, each and all of the allegations in paragraph 73 of the FAC.

74.    Answering paragraph 74 of the FAC, Defendant denies specifically and generally, each and all of the allegations in paragraph 74 of the FAC.

75.    Answering paragraph 75 of the FAC, Defendant denies specifically and generally, each and all of the allegations in paragraph 75 of the FAC.

### SEVENTH CAUSE OF ACTION

### WAITING TIME PENALTIES UNDER CALIFORNIA LABOR CODE §203

**(By Plaintiff and the California Class Members Against All Defendants)**

76.    Answering paragraph 76 of the FAC, Defendant incorporates by reference paragraphs 1 through 75 of this Answer as though fully stated herein.

77.    Answering paragraph 77 of the FAC, Defendant denies specifically and generally, each and all of the allegations in paragraph 77 of the FAC.

78.    Answering paragraph 78 of the FAC, Defendant denies specifically and generally, each and all of the allegations in paragraph 78 of the FAC.

79.    Answering paragraph 79 of the FAC, Defendant denies specifically and generally, each and all of the allegations in paragraph 79 of the FAC.

80.    Answering paragraph 80 of the FAC, Defendant denies specifically and generally, each and all of the allegations in paragraph 80 of the FAC.

/ / /

/ / /

/ / /

DEFENDANT TRUNK CLUB, INC.'S ANSWER TO PLAINTIFF'S
FIRST AMENDED COMPLAINT

## EIGHTH CAUSE OF ACTION

## VIOLATION OF CALIFORNIA LABOR CODE §226(a)

**(By Plaintiff and the California Class Members Against All Defendants)**

81.     Answering paragraph 81 of the FAC, Defendant incorporates by reference paragraphs 1 through 80 of this Answer as though fully stated herein.

82.     Answering paragraph 82 of the FAC, Defendant denies specifically and generally, each and all of the allegations in paragraph 82 of the FAC.

83.     Answering paragraph 83 of the FAC, Defendant denies specifically and generally, each and all of the allegations in paragraph 83 of the FAC.

84.     Answering paragraph 84 of the FAC, Defendant denies specifically and generally, each and all of the allegations in paragraph 84 of the FAC.

85.     Answering paragraph 85 of the FAC, Defendant denies specifically and generally, each and all of the allegations in paragraph 85 of the FAC.

86.     Answering paragraph 86 of the FAC, Defendant denies specifically and generally, each and all of the allegations in paragraph 86 of the FAC.

## NINTH CAUSE OF ACTION

## UNFAIR COMPETITION UNDER CALIFORNIA BUSINESS AND PROFESSIONS CODE §17200, ET SEQ.

**(By Plaintiff and the California Class Members Against All Defendants)**

87.     Answering paragraph 87 of the FAC, Defendant incorporates by reference paragraphs 1 through 86 of this Answer as though fully stated herein.

88.     Answering paragraph 88 of the FAC, Defendant denies specifically and generally, each and all of the allegations in paragraph 88 of the FAC.

89.     Answering paragraph 89 of the FAC, Defendant denies specifically and generally, each and all of the allegations in paragraph 89 of the FAC.

90.     Answering paragraph 90 of the FAC, Defendant denies specifically and generally, each and all of the allegations in paragraph 90 of the FAC.

91.     Answering paragraph 91 of the FAC, Defendant denies specifically

1   and generally, each and all of the allegations in paragraph 91 of the FAC.

2        92.    Answering paragraph 92 of the FAC, Defendant denies specifically

3   and generally, each and all of the allegations in paragraph 92 of the FAC.

4        93.    Answering paragraph 93 of the FAC, Defendant denies specifically

5   and generally, each and all of the allegations in paragraph 93 of the FAC.

6        94.    Answering paragraph 94 of the FAC, Defendant denies specifically

7   and generally, each and all of the allegations in paragraph 94 of the FAC.

8        95.    Answering paragraph 95 of the FAC, Defendant denies specifically

9   and generally, each and all of the allegations in paragraph 95 of the FAC.

10        96.    Answering paragraph 96 of the FAC, Defendant denies specifically

11   and generally, each and all of the allegations in paragraph 96 of the FAC.

**TENTH CAUSE OF ACTION**

**PENALTIES PURSUANT TO**

**CALIFORNIA LABOR CODE §2699, ET SEQ.**

**(By Plaintiff and the California Class Members Against All Defendants)**

16        97.    Answering paragraph 97 of the FAC, Defendant incorporates by

17   reference paragraphs 1 through 96 of this Answer as though fully stated herein.

18        98.    Answering paragraph 98 of the FAC, Defendant denies specifically

19   and generally, each and all of the allegations in paragraph 98 of the FAC.

20        99.    Answering paragraph 99 of the FAC, Defendant denies specifically

21   and generally, each and all of the allegations in paragraph 99 of the FAC.

22        100.   Answering paragraph 100 of the FAC, Defendant denies specifically

23   and generally, each and all of the allegations in paragraph 100 of the FAC.

24        101.   Answering paragraph 101 of the FAC, Defendant denies specifically

25   and generally, each and all of the allegations in paragraph 101 of the FAC.

26        102.   Answering paragraph 102 of the FAC, Defendant denies specifically

27   and generally, each and all of the allegations in paragraph 102 of the FAC.

28        103.   Answering paragraph 103 of the FAC, Defendant denies specifically

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

1 and generally, each and all of the allegations in paragraph 103 of the FAC.

2 **AFFIRMATIVE DEFENSES**

3 Defendant alleges the following affirmative defenses as to all causes of

4 action:

5 **FIRST AFFIRMATIVE DEFENSE**

6 (Failure to State a Claim)

7 As a separate and distinct affirmative defense, Defendant alleges that the

8 FAC fails to state a claim for which relief can be granted.

9 **SECOND AFFIRMATIVE DEFENSE**

10 (Statute of Limitations)

11 As a separate and distinct affirmative defense, Defendant alleges that

12 Plaintiff's claims are barred by the applicable statutes of limitation including, but

13 not limited to, California Code of Civil Procedure sections 337, 338, 339, 340 and

14 343; California Labor Code section 1197.5; California Business and Professions

15 Code section 17208; 29 U.S.C. § 255, and any other applicable statutes of

16 limitation.

17 **THIRD AFFIRMATIVE DEFENSE**

18 (Unclean Hands)

19 As a separate and distinct affirmative defense, Defendant alleges that

20 Plaintiff's FAC, and each purported cause of action alleged therein against

21 Defendant, is barred by the doctrine of unclean hands.

22 **FOURTH AFFIRMATIVE DEFENSE**

23 (Waiver)

24 As a separate and distinct affirmative defense, Defendant alleges that by his

25 conduct, Plaintiff has waived any right to recover any relief pursuant to the FAC,

26 or any purported cause of action alleged therein.

27 / / /

28 / / /

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

-12-
DEFENDANT TRUNK CLUB, INC.'S ANSWER TO PLAINTIFF'S
FIRST AMENDED COMPLAINT

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA  90071

## FIFTH AFFIRMATIVE DEFENSE

### (Estoppel)

As a separate and distinct affirmative defense, Defendant alleges that Plaintiff is estopped by his conduct from recovering any relief pursuant to the FAC, or any purported cause of action alleged therein.

## SIXTH AFFIRMATIVE DEFENSE

### (Lack of Damages/Failure to Mitigate)

As a separate and distinct affirmative defense, Defendant alleges that Plaintiff has suffered no damages as a result of any alleged act or omission of Defendant, and even if Plaintiff has suffered damages or injuries, all or some portion of said damages or injuries were caused or attributable to Plaintiff's failure to take reasonable action to mitigate said damages or injuries, if any.

## SEVENTH AFFIRMATIVE DEFENSE

### (Laches)

As a separate and distinct affirmative defense, Defendant alleges that Plaintiff is guilty of undue delay in filing and prosecuting this suit, and accordingly, this action is barred by the doctrine of laches.

## EIGHTH AFFIRMATIVE DEFENSE

### (Good Faith Dispute)

As a separate and distinct affirmative defense, Defendant alleges that without conceding that there are any wages and/or monies due, there exists a good faith dispute regarding the payment of wages and/or monies.  Therefore, penalties are not warranted.

## NINTH AFFIRMATIVE DEFENSE

### (Failure to Exhaust Internal and Administrative Remedies)

As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's FAC and any purported cause of action alleged therein is barred by Plaintiff's failure to exhaust administrative and internal remedies available under

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

state and federal laws, including, without limitation, the California Labor Code, and Defendant's internal policies and procedures.

## TENTH AFFIRMATIVE DEFENSE

### (Payment and Release)

As a separate and distinct affirmative defense, Defendant alleges that Plaintiff was paid in full and therefore Defendant is released from any and all continuing obligations to him.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Adequate Remedy at Law)

As a separate and distinct affirmative defense, Defendant alleges that Plaintiff has an adequate remedy at law.  Therefore, injunctive, equitable, and/or declaratory relief is inappropriate.

## TWELFTH AFFIRMATIVE DEFENSE

### (No Standing)

As a separate and distinct affirmative defense, Defendant alleges that Plaintiff has no standing to bring some or all of the claims which are therefore barred.  Plaintiff also lacks standing to serve as an adequate class representative.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Defendant Acted in Good Faith)

As a separate and distinct affirmative defense, Defendant alleges that Defendant's compensation of Plaintiff has been pursuant to a good faith belief, based on reasonable grounds that its pay practices are in conformity with both federal and state wage laws.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Not Willful)

As a separate and distinct affirmative defense, Defendant alleges that the conduct and/or violations of law alleged against Defendant are not "willful."

/ / /

-14-

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA  90071

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Offset)

As a separate and distinct affirmative defense, Defendant is informed and believes and thereon alleges that the FAC is barred as against Defendant as the amounts claimed are overstated or are subject to offset, and that if it is determined that Defendant owes monetary damages to Plaintiff or the putative class members, Defendant is entitled to an offset to the extent Plaintiff or the putative class members owe money to Defendant or have received settlement payments in connection with settlement of and/or recovery for the same or similar claims in other legal actions, including but not limited to any governmental audits.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Claims Not Representative of Class)

As a separate and distinct affirmative defense, Defendant alleges that the claims of the named Plaintiff are not representative of the claims of the members of the putative class, and therefore this action is not properly maintained as a class action.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Class Representative is Adverse to the Class)

As a separate and distinct affirmative defense, Defendant alleges that the claims of the named Plaintiff are adverse to the interests and desires of the members of the putative class and therefore this action is not properly maintained as a class action.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Claims Not Typical of Class)

As a separate and distinct affirmative defense, Defendant alleges that the claims and interests of Plaintiff, and Defendant's defenses thereto, are not typical of the putative claims or related defenses of the putative class as a whole, and Plaintiff is not suitable as a class representative.  Therefore, Plaintiff cannot satisfy

1 the prerequisites for a class action set forth in section 382 of the California Code of

2 Civil Procedure.

3 ### NINETEENTH AFFIRMATIVE DEFENSE

4 (No Common Questions of Law or Fact)

5 As a separate and distinct affirmative defense, Defendant alleges that there

6 are no questions of law or fact common to the putative class; rather, individualized

7 questions of law and fact predominate over any semblance of common question.

8 In addition, the proof particular to each putative class member's claims and the

9 defenses thereto will vary widely.  Therefore, Plaintiff cannot meet the

10 prerequisites for a class action set forth in section 382 of the California Code of

11 Civil Procedure.

12 ### TWENTIETH AFFIRMATIVE DEFENSE

13 (Not Similarly Situated)

14 The FAC, and each purported claim for relief contained therein, is barred, in

15 whole or in part, on the grounds that this case may not be maintained as a Fair

16 Labor Standards Act ("FLSA") collective action because Plaintiff and/or putative

17 class members are not similarly situated, and Plaintiff cannot adequately represent,

18 the persons whom he purports to represent.

19 ### TWENTY-FIRST AFFIRMATIVE DEFENSE

20 (Class Action Not Practical)

21 As a separate and distinct affirmative defense, Defendant alleges that this

22 case is not properly maintained as a class action because the prosecution of

23 separate actions by individual members of the putative class would not create a risk

24 of inconsistent or varying adjudications or adjudications that, as a practical matter,

25 would be dispositive of the interests of other members not parties to the action.

26 ///

27 ///

28 ///

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA  90071

DEFENDANT TRUNK CLUB, INC.'S ANSWER TO PLAINTIFF'S
FIRST AMENDED COMPLAINT

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA  90071

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Class Action Not Proper)

As a separate and distinct affirmative defense, Defendant alleges that this action is not properly maintained as a class action because concentrating the litigation of the claims of the putative class, as to which individualized facts and proof will predominate, in one particular forum is not desirable.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Class Not Manageable)

As a separate and distinct affirmative defense, Defendant alleges that this case is not properly maintained as a class action because of the difficulties likely to be encountered in the management of a class action.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Due Process)

As a separate and distinct affirmative defense, Defendant alleges that, as applied to this case, California Code of Civil Procedure section 382 fails to provide adequate due process protections inasmuch as it constitutes trial by formula and unfairly restricts Defendant's right to litigate affirmative defenses to the individual claims of Plaintiff and each member of the putative class and therefore denies Defendant the protection of the Due Process Clause of the United States Constitution.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Compliance with Law)

As a separate and distinct affirmative defense, Defendant alleges that any recovery on Plaintiff's FAC, or any cause of action contained therein, may be barred by Defendant's compliance or substantial compliance with all applicable laws underlying Plaintiff's claim of unfair or unlawful business practices pursuant to California Business & Professions Code section 17200.  Accordingly, Defendant's business practices were not unfair or unlawful within the meaning of

DEFENDANT TRUNK CLUB, INC.'S ANSWER TO PLAINTIFF'S
FIRST AMENDED COMPLAINT

California Business & Professions Code section 17200.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Reasonable Wages/Quantum Merit)

As a separate and distinct affirmative defense, Defendant alleges that the actual payments paid to Plaintiff, which is the subject of this action, were reasonable, appropriate, and commensurate with the services and work actually performed.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Reasonable Interpretation of Applicable Law)

As a separate and distinct affirmative defense, Defendant alleges that it acted in good faith reliance upon the reasonable interpretation of applicable law.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Plaintiffs at Fault for any Failure to Take Meal and/or Rest Periods)

As a separate and distinct affirmative defense, Defendant alleges that Defendant made Plaintiff aware of his right to and encouraged Plaintiff to take meal and/or rest periods, and did not require Plaintiff to work during meal and/or rest periods.  Accordingly, Defendant is not liable to Plaintiff for any failure to take such meal and/or rest periods.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Consent)

As a separate and distinct affirmative defense, Defendant alleges that the relief prayed for in the FAC is barred because Plaintiff consented to Defendant's conduct by virtue of Plaintiff's own conduct.

## THIRTIETH AFFIRMATIVE DEFENSE

### (Facial Due Process)

As a separate and distinct affirmative defense, Defendant alleges that Labor Code section 2699 fails to identify the manner in which penalties for violations of the California Labor Code accrue and, thus, is facially ambiguous and violates due

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA  90071

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA  90071

process notions pursuant to the United States Constitution.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

(Excessive Fines)

As a separate and distinct affirmative defense, Defendant alleges that the penalties and fines sought are unconstitutional and excessive under the United States Constitution, and specifically under the Excessive Fines Clause of the Eighth Amendment, U.S. Const. Amend. VIII, and the Due Process Clause of the Fourteenth Amendment, U.S. Const. Amend. XIV, Section 1.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

(On-Duty Meal Period)

As a separate and distinct affirmative defense, Defendant alleges that Plaintiff, and other members of the putative class, worked in a position where the nature of the work prevented them from being relieved of all duty.  Defendant and Plaintiff entered into a written agreement(s) for an on-duty meal period consistent with the requirements of California law.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

(California Labor Code Does Not Apply)

As a separate and affirmative defense, as to each and every cause of action, Defendant alleges that all of the conduct alleged by Plaintiff occurred on property that is not subject to California wage and hour laws.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

(Jury Trial to any Particular Individual Plaintiffs)

As a separate and distinct affirmative defense, as a matter of constitutional right and substantive due process, Defendant would be entitled to contest by jury trial as to its liability to any particular individual plaintiff, even if the representatives of the putative class prevail on their claims.  Trying this case as a class action would violate the United States Constitution and the California Constitution.

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

### (De Minimus Doctrine)

As a separate and distinct affirmative defense, the FAC, and each purported cause of action contained therein, is barred in whole or in part to the extent the de minimus doctrine applies to Plaintiff's claims.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

### (Federal Preemption)

As a separate and distinct affirmative defense, the FAC, and each purported cause of action contained therein, is barred in whole or in part under the doctrine of preemption.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

### (Legitimate Business Purposes)

As a separate and distinct affirmative defense, Defendant cannot be liable for any alleged violation of the Unfair Competition Law, California Business and Professions Code sections 17200 *et seq.*, because its actions were not unfair, fraudulent, nor likely to mislead, and its conduct and dealings were lawful, as authorized by applicable state and federal statutes, rules, and regulations, and such actions, conduct, and dealings were carried out in good faith and for legitimate business purposes.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

### (Taking)

Any award of restitution under California Business & Professions Code, sections 17200 *et seq.*, would constitute a taking of property without just compensation in violation of the Takings Clauses of the Fifth Amendment to the United States Constitution (as incorporated into the Fourteenth Amendment to the United States Constitution) and of Article I, Section 19, of the California Constitution.

/ / /

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA  90071

## THIRTY-NINTH AFFIRMATIVE DEFENSE

### (Acts or Omissions of Plaintiffs)

As a separate and distinct affirmative defense, the FAC, and each purported cause of action contained therein, is barred in whole or in part to the extent that damages, if any, resulted from the acts and/or omissions of Plaintiff or any person on whose behalf relief is sought.

## FORTIETH AFFIRMATIVE DEFENSE

### (Constitutional Defects in Section 17200 *et seq.*)

As a separate and distinct affirmative defense, any finding of liability under California Business & Professions Code Sections 17200, 17203, and 17204 would violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution, and of Article I, Section 7 of the California Constitution, because the standards of liability under these statutes are unduly vague and subjective, and permit retroactive, random, arbitrary, and capricious punishment that serves no legitimate governmental interest.

## FORTY-FIRST AFFIRMATIVE DEFENSE

### (Constitutional Defects in Section 17200 *et seq.*)

As a separate and distinct affirmative defense, any attempt to require Defendant to identify, locate or notify absent persons on whose behalf this action is allegedly prosecuted would violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

## FORTY-SECOND AFFIRMATIVE DEFENSE

### (Constitutional Defects in Section 17200 *et seq.*)

As a separate and distinct affirmative defense, any award of restitution under California Business & Professions Code section 17203 to persons who refuse to execute an acknowledgement that the payment is in full settlement of claims against Defendant would violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

DEFENDANT TRUNK CLUB, INC.'S ANSWER TO PLAINTIFF'S
FIRST AMENDED COMPLAINT

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

## FORTY-THIRD AFFIRMATIVE DEFENSE

### (Constitutional Defects in Section 17200 *et seq.*)

As a separate and distinct affirmative defense, Plaintiff's claims are barred, in whole or in part, by the Commerce Clause of the United States Constitution because they purport to regulate interstate commerce and impermissibly place an undue burden on interstate commerce.

## FORTY-FOURTH AFFIRMATIVE DEFENSE

### (Plaintiff May Not Represent the "General Public")

As a separate and distinct affirmative defense, Plaintiff may not represent the "general public" because Plaintiff is not a public official designated in California Business & Professions Code section 17200 *et seq.*, nor does he possess any authority to represent the "general public."

## FORTY-FIFTH AFFIRMATIVE DEFENSE

### (Complied With Recordkeeping Requirements)

The FAC, and each purported claim for relief contained therein, is barred, in whole or in part, on the grounds that Defendant complied with all applicable recordkeeping requirements of the FLSA and California law.

## FORTY-SIXTH AFFIRMATIVE DEFENSE

### (Not "Work" Under FLSA)

The FAC, and each purported claim for relief contained therein, is barred, in whole or in part, on the grounds that the hours Plaintiff claims to have worked as overtime are not "hours worked" within the meaning of the FLSA, the California Labor Law or applicable Wage Orders of the Industrial Welfare Commission.

## FORTY-SEVENTH AFFIRMATIVE DEFENSE

### (No Deception on the Public)

The purported claim set forth in the FAC for unfair competition under California Business and Professions Code section 17200 is barred because Plaintiff cannot show a deception upon the public.

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

## FORTY-EIGHTH AFFIRMATIVE DEFENSE

### (No Knowledge, Authorization, or Ratification)

Defendant is not liable for the alleged damages of Plaintiff or of putative class members because if any person engaged in intentional, willful, or unlawful conduct as alleged in the FAC, he or she did so without the knowledge, authorization, or ratification of Defendant.

## FORTY-NINTH AFFIRMATIVE DEFENSE

### (Fault of Others)

Defendant's conduct is not the sole and proximate cause of the alleged damages and losses, if any, of Plaintiff and members of the putative class. If and to the extent Plaintiff and the putative class members have sustained any damages, other third parties for whom Defendant is not legally responsible are solely responsible for the acts complained of in the FAC and the alleged damages arising therefrom such that equitable and express principles of indemnity apply to this action, thus barring Plaintiff's and the putative class members' recovery from Defendant. Any damages awarded to Plaintiff and members of the putative class must be apportioned according to the respective fault and legal responsibility of all parties, persons, and entities, or their agents and employees who contributed to and/or caused the alleged damages, if any, according to the proof presented at the time of trial.

## FIFTIETH AFFIRMATIVE DEFENSE

### (Attorneys' Fees Not Recoverable)

Plaintiff and members of the putative class are precluded from recovering attorneys' fees from Defendant under applicable provisions of law, including, without limitation, California Code of Civil Procedure, section 1021.

/ / /

/ / /

/ / /

DEFENDANT TRUNK CLUB, INC.'S ANSWER TO PLAINTIFF'S
FIRST AMENDED COMPLAINT

**FIFTY-FIRST AFFIRMATIVE DEFENSE**

(Bad Faith)

The FAC was brought by Plaintiff and members of the putative class in bad faith and is frivolous and by reason of the conduct stated herein Defendant is entitled to, and will seek, reasonable expenses, including attorneys' fees, incurred in defending this action pursuant to California Code of Civil Procedure section 128.7.

**FIFTY-SECOND AFFIRMATIVE DEFENSE**

(Failure to Comply with Employer's Directions – Labor Code Section 2856)

The FAC, and each cause of action therein, is barred because Plaintiff and the putative class did not comply substantially with all the directions of Defendant concerning the service for which they were engaged.

**FIFTY-THIRD AFFIRMATIVE DEFENSE**

(Avoidable Consequences Doctrine)

Plaintiff's claims for monetary relief are barred, in whole or in part, on the basis of the avoidable consequences doctrine.

**FIFTY-FOURTH AFFIRMATIVE DEFENSE**

(No Injury to Competition)

The purported claim set forth in the FAC for unfair competition under California Business and Professions Code section 17200 *et seq.*, is barred because Plaintiff cannot show an injury to competition, as distinguished from injury to themselves.

**FIFTY-FIFTH AFFIRMATIVE DEFENSE**

(Benefits of Business Practice)

Defendant is not liable for unfair business practices under California Business and Professions Code section 17200 *et seq.*, because the benefits of Defendant's practices to Plaintiff and members of the putative class outweigh whatever particular harm or impact the practices allegedly caused them.

DEFENDANT TRUNK CLUB, INC.'S ANSWER TO PLAINTIFF'S
FIRST AMENDED COMPLAINT

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA  90071

## FIFTY-SIXTH AFFIRMATIVE DEFENSE

(Additional Defenses)

This action or any relief sought in the FAC is barred, in whole or in part, because Defendant may have additional defenses that cannot now be articulated due to the generality of the pleadings and the fact that discovery has not been completed.  Accordingly, Defendant reserves the right to supplement the foregoing and to raise additional defenses as may appear as the case progresses.

**WHEREFORE**, Defendant prays that this Court enter judgment in its favor as follows:

1.      That this action be dismissed in its entirety, with prejudice;

2.      That judgment be entered in favor of Defendant and against Plaintiff;

3.      That costs and attorneys' fees be awarded to Defendant; and

4.      For such other further relief as this Court may deem just and proper.

Dated:  September 11, 2017          GORDON & REES LLP

                                    */S/ ROBERT D. WILSON, III*
                              By:   _____
                                    Robert D. Wilson, III
                                    Andrew J. Deddeh
                                    Attorneys for Defendant
                                    Trunk Club, Inc.

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA  90071

DEFENDANT TRUNK CLUB, INC.'S ANSWER TO PLAINTIFF'S
FIRST AMENDED COMPLAINT