DAVID YEREMIAN & ASSOCIATES, INC.
David Yeremian (SBN 226337)
david@yeremianlaw.com
Alvin B. Lindsay (SBN 220236)
alvin@yeremianlaw.com
535 N. Brand Blvd., Suite 705
Glendale, California 91203
Telephone: (818) 230-8380
Facsimile: (818) 230-0308

DAVTYAN PROFESSIONAL LAW CORPORATION
Emil Davtyan (SBN 299363)
emil@davtyanlaw.com
21900 Burbank Blvd., Suite 300
Woodland Hills, California 91367
Telephone: (818) 992-2935
Facsimile: (818) 975-5525

Attorneys for Plaintiff DARIUS ROWSER and AMITA GUPTA
on behalf of themselves and all others similarly situated

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARIUS ROWSER, an individual, and AMITA GUPTA, an individual, on behalf of themselves and all others similarly situated, | Case No.: 2:17-cv-05064-DSF-RAO |
| | Class and Collective Action |
| Plaintiffs, | Assigned for all purposes to: Hon. Dale S. Fischer, Courtroom 7D |
| vs. | **SECOND AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT** |
| TRUNK CLUB, INC., a Delaware corporation; and DOES 1 through 10, inclusive, | **(1) FAIR LABOR STANDARDS ACT (29 U.S.C. § 201, ET SEQ.)** |
| Defendants. | **(2) FAILURE TO PAY MINIMUM WAGES (CAL. LABOR CODE §§ 1182.11-1182.13, 1194, 1194.2, 1197)** |
| | **(3) FAILURE TO PAY WAGES AND OVERTIME (CAL. LABOR CODE § 510)** |
| | **(4) MEAL-PERIOD LIABILITY (CAL. LABOR CODE § 226.7)** |
| | **(5) REST BREAK LIABILITY (CAL. LABOR CODE § 226.7)** |

- 1 -
SECOND AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**(6) FAILURE TO REIMBURSE FOR NECESSARY EXPENDITURES (CAL. LABOR CODE § 2808)**

**(7) WAITING TIME PENALTIES (CAL. LABOR CODE §§ 201, 202, AND 203)**

**(8) VIOLATION OF CAL. LABOR CODE § 226(A)**

**(9) UNFAIR COMPETITION (CAL. BUSINESS AND PROFESSIONS CODE §§ 17200, *ET SEQ.*)**

**(10) PENALTIES PURSUANT TO THE PRIVATE ATTORNEY GENERAL ACT (CAL. LABOR CODE § 2699, *ET SEQ.*)**

**(11) VIOLATION OF ILLINOIS WAGE PAYMENT AND COLLECTION ACT (IWPCA, 820 ILCS § 115/1 *ET. SEQ.*)**

**(12) VIOLATION OF ILLINOIS MINIMUM WAGE LAW, 820 ILCS § 105/4A *ET. SEQ.*)**

**JURY TRIAL DEMANDED**

Original Complaint: July 10, 2017
Amended Complaint: August 17, 2017

- 2 -
SECOND AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT

Plaintiff Darius Rowser and Plaintiff Amita Gupta ("Plaintiffs"), on behalf of themselves and all others similarly situated, hereby bring this Collective and Class Action Complaint against Trunk Club, Inc., a Delaware corporation ("Trunk Club" or "Defendant"), and Does 1 through 10 inclusive (Trunk Club and Does 1 through 10, inclusive shall hereinafter collectively be referred to as "Defendants"), and on information and belief allege as follows:

## JURISDICTION

1.    Plaintiffs, on behalf of themselves and all others similarly situated, hereby bring this class and collective action for recovery of unpaid wages, including overtime wages, under the Fair Labor Standards Act ("FLSA"), the California <u>Labor Code</u> ("California <u>Labor Code</u>"), the Illinois Wage Payment and Collection Act, and Illinois Minimum Wage Law ("Illinois Wage Laws").

2.    This Court has jurisdiction over Defendants' violations of the FLSA pursuant to 29 U.S.C. § 216 and 28 U.S.C. § 1331 because the action asserts rights arising under federal law. Defendants' annual sales exceed $500,000, and they have more than two employees, so the FLSA applies in this case on an enterprise basis. Additionally, the Court also has pendent jurisdiction over the related California <u>Labor Code</u> and Illinois Wage Laws claims under 28 U.S.C. § 1367.

3.    This Court has personal jurisdiction over Defendant because Defendant maintains its principal place of business within this judicial district.

## VENUE

4.    Venue is proper under 28 U.S.C. 1391(c) because Defendants do and operate a business within this judicial district and the acts alleged herein took place, at least in part, within this judicial district.

5.    Further, Plaintiffs at all times relevant herein, were employed by Defendants in California or Illinois.

SECOND AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT

**PARTIES**

6.     Plaintiffs are individuals over the age of eighteen (18). At all relevant times herein, Plaintiff Rowser was and currently is, a California resident, residing in this judicial district. At all relevant times herein, Plaintiff Gupta was and currently is, an Illinois resident.

7.     Defendant Trunk Club, Inc. is licensed to do business in the State of California and its registered agent for service of process in California is Corporation Creations Network, Inc., located at 1430 Truxtun Ave., 5th Floor, Bakersfield, California 93301.  Defendant Trunk Club, Inc. is licensed to do business in the State of Illinois and its registered agent for service of process in Illinois is Corporation Creations Network, Inc., located at 350 S. Northwest Hwy, Ste 300, Park Ridge, Illinois 60068.

8.     During the three years immediately preceding the filing of the Complaint in this action and within the statute of limitations periods applicable to the First Cause of Action pled herein, Defendants employed Plaintiff Rowser, Plaintiff Gupta and other hourly non-exempt employees within the United States (collectively "FLSA Class Members"). FLSA Class Members were, and/or are, victims of Defendants' policies and/or practices complained of herein, lost money and/or property, and have been deprived of the rights guaranteed to them by the FLSA.

9.     During the four years immediately preceding the filing of the Complaint in this action and within the statute of limitations periods applicable to the Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth and Tenth Causes of Action pled herein, Defendants employed Plaintiff Rowser and other hourly non-exempt employees within the State of California (collectively "California Class Members").

10.     During the ten years immediately preceding the filing of the Complaint in this action and within the statute of limitations periods applicable to the Eleventh

SECOND AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT

1    and Twelfth Causes of Action pled herein, Defendants employed Plaintiff Gupta and

2    other hourly non-exempt employees within the State of Illinois (collectively "Illinois

3    Class Members").

4          11.    Plaintiffs are informed and believe, and thereon allege, that at all times

5    mentioned herein, Defendants were the employer of Plaintiffs, the FLSA Class

6    Members, the California Class Members and the Illinois Class Members because

7    they: (1) exercised control over the wages, hours, or working conditions of Plaintiffs

8    and the Classes; (2) suffered or permitted Plaintiffs and the Members of the Classes

9    to work; or (3) engaged Plaintiffs and the Members of the Classes to work, thereby

10   creating a common law employment relationship.

11         12.    Plaintiffs are informed and believe and thereon allege that each of the

12   Defendants, including the Doe defendants, acted in concert with each and every

13   other Defendant, intended to and did participate in the events, acts, practices and

14   courses of conduct alleged herein, and was a proximate cause of damage and injury

15   thereby to Plaintiffs, the FLSA Class Members, the California Class Members, and

16   the Illinois Class Members as alleged herein.

17         13.    Based in Chicago, Illinois, Trunk Club, a subsidiary of Nordstrom,

18   offers personalized styling and sales of clothing to customers throughout the United

19   States. According to its website, "[a]s a Nordstrom company, Trunk Club has the

20   service, selection, and convenience of one of the world's best retailers—you can

21   even earn Nordstrom rewards." *Available at* https://www.trunkclub.com.

22         14.    Plaintiffs do not know the true names or capacities, whether individual,

23   partner, or corporate, of the Defendants sued herein as DOES 1 to 10, inclusive, and

24   for that reason, said Defendants are sued under such fictitious names, and Plaintiffs

25   will seek leave from this Court to amend this Complaint when such true names and

26   capacities are discovered. Plaintiffs are informed, and believe, and thereon allege,

27   that each of said fictitious Defendants, whether individual, partners, agents, or

28   corporate, was responsible in some manner for the acts and omissions alleged

SECOND AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT

1   herein, and proximately caused Plaintiffs, the FLSA Class Members, the California

2   Class Members, and the Illinois Class Members to be subject to the unlawful

3   employment practices, wrongs, injuries and damages complained of herein.

4          15.    At all times herein mentioned, each of said Defendant participated in

5   the doing of the acts hereinafter alleged to have been done by the named Defendant;

6   and each of them were the agents, servants, and employees of each and every one of

7   the other Defendants, as well as the agents of all Defendants, and at all times herein

8   mentioned were acting within the course and scope of said agency and employment.

9   Defendants, and each of them, approved of, condoned, and/or otherwise ratified

10  each and every one of the acts or omissions complained of herein.

11         16.    At all times mentioned herein, Defendant was a member of and

12  engaged in a joint venture, partnership, and common enterprise, and acting within

13  the course and scope of and in pursuance of said joint venture, partnership, and

14  common enterprise. Further, Plaintiffs allege that all Defendants were joint

15  employers for all purposes of Plaintiffs, the FLSA Class Members, the California

16  Class Members, and the Illinois Class Members.

17                          **<u>ADMINISTRATIVE REMEDIES</u>**

18         17.    Pursuant to California <u>Labor Code</u> § 2699.3 and other provisions of

19  California law, Plaintiff Rowser has exhausted all administrative remedies and

20  satisfied all private, administrative, and judicial prerequisites to the institution of

21  this action. Specifically, on **June 13, 2017**, Plaintiff Rowser sent notice to the

22  California Labor and Workforce Development Agency (LWDA) and Defendant

23  including specific provisions of the California <u>Labor Code</u> that have been violated

24  and facts and theories to support such violations. The LWDA has not provided

25  notice of its intent to investigate the alleged violations within 65 calendar days of

26  the notice.

27         18.    Pursuant to California <u>Labor Code</u> § 2699.3 and other provisions of

28  California law, Plaintiff Rowser is not required to satisfy any other private,

SECOND AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT

1    administrative or judicial prerequisites to the institution of this action and therefore

2    has exhausted all appropriate administrative remedies.

3                    **GENERAL FACTUAL ALLEGATIONS**

4         19.    Plaintiff Rowser was employed by Defendants within the statutory

5    time frame as a non-exempt employee in Los Angeles, California.

6         20.    Plaintiff Gupta was employed by Defendants within the statutory time

7    frame as a non-exempt employee in Chicago, Illinois.

8         21.    During the employment of the FLSA Class Members, the California

9    Class Members, and the Illinois Class Members (collectively "Class Members")

10   with Defendants, Defendants' policy and practice was to pay Class Members on a

11   draw system, where Class Members would earn commission pay, versus an hourly

12   wage. Class Members regularly worked in excess of eight (8) hours a day, and or

13   forty (40) hours a week. However, Defendants knowingly permitted and required

14   Class Members to perform work, off-the-clock, as part of their regular working

15   hours, for which Class Members were not paid wages. Specifically, Class Members

16   were required to perform off-the-clock work, under Defendants' employ including,

17   but not limited to: working from home, communicating with clients, attending

18   involuntary work related events after working hours, conducting involuntary

19   independent study and homework, and attending involuntary training and classroom

20   sessions, all directly related to Class Members' job under Defendants' employment,

21   and all in excess of their scheduled shifts and for which they were never paid wages.

22        22.    Class Members were pressured by Defendants to perform all the

23   uncompensated work above. Accordingly, Defendants were aware that Class

24   Members were working these off-the-clock hours, without proper compensation.

25   These additional uncompensated working hours were directly related to the Class

26   Members' jobs.

27        23.    All this additional uncompensated time, discussed above, was not

28   factored into Class Members' draw versus commission pay amounts. Accordingly,

SECOND AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT

1    Defendants defective policies and practices resulted in Class Members working

2    hours under Defendants' employ without being paid all wages, including all

3    required overtime wages earned for hours worked in excess of eight (8) hours a day

4    and/or forty (40) hours a week.

5         24.    All the uncompensated working time performed by Class Members,

6    discussed above, were integral and indispensable to the job duties and

7    responsibilities of Plaintiffs and the Class Members.

8         25.    The FLSA Class Members include all of Defendants' current and

9    former hourly non-exempt employees who worked at any of Defendants' locations

10   throughout the United States, including but not limited to its locations in: Los

11   Angeles, California; Boston, Massachusetts; Charleston, South Carolina; Chicago,

12   Illinois; Highland Park, Illinois; Dallas, Texas; Washington, D.C.; and New York,

13   New York, and who were not paid all wages and overtime, due to Defendants'

14   policy and/or practice of requiring Class Members to work additional working hours

15   without compensation, during the three years immediately preceding the filing of the

16   Complaint through the present. The California Class Members include only those

17   current and former hourly non-exempt employees who worked in California. The

18   Illinois Class Members include only those current and former hourly non-exempt

19   employees who worked in Illinois.

20        26.    Plaintiff Rowser has filed a consent to join this FLSA Collective

21   Action, attached to this Complaint as Exhibit A.

22        27.    Plaintiff Gupta has filed a consent to join this FLSA Collective Action,

23   attached to this Complaint as Exhibit B.

24        28.    At all relevant times, Defendants directed and directly benefited from

25   the uncompensated work performed by Plaintiffs and the Class Members.

26        29.    At all relevant times, Defendants controlled the work schedules, duties,

27   protocols, applications, assignments and employment conditions of Plaintiffs and

28   Class Members.

SECOND AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT

30.     At all relevant times, Defendants were able to track the amount of time Plaintiffs and Class Members spent performing uncompensated work under Defendants' employ, as discussed herein; however, Defendants failed to document, track, or pay Plaintiffs and Class Members for the off-the-clock work they performed. At all relevant times, Plaintiffs and Class Members were non-exempt hourly employees, subject to the requirements of the FLSA. At all relevant times, Defendants used their training, home study, sales, work event, and general employment policies against Plaintiffs and Class Members in order to cause them into performing off-the-clock work. At all relevant times, Defendants' policies and practices deprived Plaintiffs and Class Members of wages owed for uncompensated work they performed under Defendants' employ. Because Plaintiffs and Class Members typically worked 40 hours or more in a workweek, Defendants' policies and practices also deprived them of overtime pay.

31.      Defendants knew or should have known that the uncompensated working time spent by Plaintiffs and Class Members is compensable under the law. Indeed, there is no conceivable way for Defendants to establish that it acted in good faith.

## COLLECTIVE AND CLASS ACTION ALLEGATIONS

32.      Plaintiffs bring this action pursuant to 29 U.S.C. § 216 of the FLSA and Rule 23 of the Federal Rules of Civil Procedure ("FRCP"). Plaintiffs seek to represent themselves and 3 classes of individuals:

1)      Collective Action Class Pursuant to 29 U.S.C. § 216 of the FLSA, *"All current and former hourly non-exempt employees who worked for Defendant at any time from three years prior to the filing of this Representative Action Complaint  through judgment"* (the "FLSA Class")*;*

2)      Class Action Pursuant to Rule 23 of the FRCP, *"All non-exempt hourly employees, who worked for Defendant, within the State of California,*

SECOND AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT

1                    *from four years prior to the filing of this Class Action Complaint*

2                    *through judgment"* (the "California Class"); and

3      3)     Class Action Pursuant to Rule 23 of the FRCP, "All non-exempt hourly

4            employees, who worked for Defendant, within the State of Illinois,

5            from 10 years prior to the filing of this Class Action Complaint through

6            judgment" (the "Illinois Class").

7      33.    Defendant is liable under the FLSA for, *inter alia*, failing to properly

8  compensate Plaintiffs and FLSA Class Members for all hours worked.

9      34.    Consistent with Defendants' policy, pattern, or practice, Plaintiffs and

10  the FLSA Class Members were not paid premium overtime compensation when they

11  worked beyond 40 hours in a workweek.

12      35.    Defendant is also liable to the California Class Members under the

13  California <u>Labor Code</u> for their common policy, practice, and/or pattern of: failing

14  to pay minimum wages for all hours worked; failing to pay proper overtime in

15  violation of California <u>Labor Code</u> § 510 for all hours worked; failing to provide

16  compliant meal periods and rest breaks, or premium pay in lieu thereof, in violation

17  of California <u>Labor Code</u> §§ 512 and 226.8; failing to reimburse for necessary

18  business expenditures in violation of <u>California Labor Code</u> § 2802; failing to issue

19  accurate itemized wage statements in violation of <u>California Labor Code</u> § 226(a);

20  Waiting time penalties under <u>California Labor Code</u> § 203; unfair competition under

21  California Business and Professions Code § 17200, *et seq.*; and penalties under the

22  Private Attorney General Act, Ca. <u>Labor Code</u> § 2699, *et seq.* ("PAGA").

23      36.    Defendant is also liable to the Illinois Class Members under Illinois

24  Wage Payment and Collection Act, 820 ILCS § 115/1 *et seq.* ("IWPCA"), and the

25  Illinois Minimum Wage Law, 820 ILCS § 10$^5$/$_1$ *et seq.* ("IMWL"), based on

26  Defendant's common policy, practice, and/or pattern of: failing to pay minimum

27  wages for all hours worked and failing to pay proper overtime to Plaintiff Gupta and

28  the Illinois Class Members.

SECOND AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT

**Common Questions of Law and Fact Predominate/**

**Well Defined Community of Interest**

37.     There are common questions of law and fact as to Plaintiffs and all other similarly situated employees, which predominate over questions affecting only individual members including, without limitation to, whether Defendants' policies and/or practices of:

    a.  Requiring Plaintiffs and FLSA Class Members to work hours without compensations and, as a result, failing to properly compensate Plaintiffs and FLSA Class Members minimum wages and overtime for all overtime hours worked;

    b.  Requiring Plaintiff Rowser and the California Class Members to work hours without compensation and, as a result, failing to properly compensate Plaintiff Rowser and the California Class Members minimum wages and overtime for all overtime hours worked;

    c.  Failing to provide the California Class Members with compliant rest breaks, or premium pay in lieu thereof, in violation of California Labor Code §§ 512 and 226.7;

    d.  Failing to provide the California Class Members with compliant meal periods, or premium pay in lieu thereof, in violation of California Labor Code §§ 512 and 226.7;

    e.  Failing to reimburse the California Class Members for necessary business expenditures incurred while executing their duties under Defendants' employ, in violation of California Labor Code § 2802;

    f.  Failing to issue accurate itemized wage statements to the California Class Members, in violation of California Labor Code § 226(a);

    g.  Failing to pay final wages to the California Class Members in accordance with California Labor Code §§ 201 and 202;

- 11 -

SECOND AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT

h.   Engaging in unfair competition or business practices in violation of California <u>Business and Professions Code</u> § 17200, *et seq.*;

i.   Failing to pay the California Class Members on a semi-monthly basis in accordance with <u>California Labor Code</u> § 204;

j.   Failing and refusing to pay Plaintiff Gupta and the Illinois Class Members all their wages earned in accordance with IWPCA, 820 ILCS § 115/1 *et seq.*; and,

k.   Requiring Plaintiff Gupta and the Illinois Class Members to work hours without compensation and, as a result, failing to properly compensate Plaintiff Gupta and the Illinois Class Members minimum wages and overtime for all overtime hours worked in violation of the overtime compensation provisions of the Illinois Minimum Wage Law, 820 ILCS § 105/4a.

**Predominance of Common Questions**

38.   Common questions of law and fact predominate over questions that affect only individual Class Members. The common questions of law set forth above are numerous and substantial and stem from Defendants' uniform policies and/or practices of violating the FLSA, California <u>Labor Code</u>, Illinois IWPCA and IMWL above. As such, these common questions predominate over individual questions concerning each individual Class Member's showing as to his or her eligibility for recovery or as to the amount of damages.

**Typicality**

39.   The claims of Plaintiffs are typical of the claims of  the FLSA Class, the California Class and the Illinois Class because Plaintiffs were employed by Defendants as an hourly non-exempt employee in either California or Illinois, and the United States, during the statute of limitations period. As alleged herein, Plaintiffs, like the members of the Class, were deprived wages for all hours worked including all overtime wages under the FLSA, compliant meal and rest breaks,

- 12 -
SECOND AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT

reimbursements for necessary expenditures incurred, compliant wage statements, and the timely payment of final wages, all due to Defendants' common policies and/or practices.

**Adequacy of Representation**

40.     Plaintiffs are fully prepared to take all necessary steps to fairly and adequately represent the interests of FLSA Class Members, California Class Members and Illinois Class Members. Moreover, Plaintiffs' attorneys are ready, willing and able to fully and adequately represent the members of each Class and Plaintiffs. Plaintiffs' attorneys have prosecuted numerous wage-and-hour class actions in state and federal courts, and are committed to vigorously prosecuting this action on behalf of Plaintiffs, FLSA Class Members, California Class Members and Illinois Class Members.

**Superiority**

41.     The FLSA,  the California Labor Code, and IWPCA and IMWL are remedial in nature and serve an important public interest in establishing minimum working conditions and standards throughout California, Illinois and the United States. These labor standards protect the average working employee from exploitation by employers who have the responsibility to follow the laws and who may seek to take advantage of superior economic and bargaining power in setting onerous terms and conditions of employment.

**FIRST CAUSE OF ACTION**

**(29 U.S.C. § 216(b) Collective Action)**

**VIOLATION OF THE FAIR LABOR STANDARDS ACT**

**29 U.S.C. § 201, ET SEQ.**

**FAILURE TO PAY WAGES AND OVERTIME**

**(By Plaintiffs and all FLSA Class Members against all Defendants)**

42.     Plaintiffs re-allege and incorporate all previous paragraphs set forth herein.

- 13 -

SECOND AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT

43.     At all times relevant to this action, Defendants were subject to the mandates of the FLSA, 29 U.S.C. § 201, *et seq. See also* 29 C.F.R. § 791.2(b).

44.     At all times relevant to this action, Plaintiffs were "employees" of Defendants within the meaning of 29 U.S.C. § 203(e)(1) of the FLSA.

45.     Plaintiffs and other FLSA Class Members, by virtue of their job duties and activities actually performed, are all non-exempt employees.

46.     At all times relevant to this action, Defendants "suffered or permitted" Plaintiffs and the FLSA Class Members to work, and thus "employed" them within the meaning of 29 U.S.C. § 203(g) of the FLSA.

47.     At all times relevant to this action, Defendants required Plaintiffs and FLSA Class Members to perform work under Defendants employ but failed to pay them the federally mandated wages and overtime compensation for all services performed. Specifically, FLSA Class Members were required to perform off-the-clock work, under Defendants' employ including, but not limited to: working from home; communicating with clients; attending involuntary work related events after working hours; conducting involuntary independent study and homework; and attending involuntary training and classroom sessions, all directly related to FLSA Class Members' job under Defendants' employ; all  in excess of their scheduled shifts; and for which they were never paid mandatory wages.

48.     The uncompensated work performed by Plaintiffs and FLSA Class Members was an essential part of their jobs and these activities and the time associated with these activities is not *de minimis*.

49.     In workweeks where Plaintiffs and other FLSA Class Members worked 40 hours or more, the uncompensated off-the-clock work time, and all other overtime should have been paid at the federally mandated rate of 1.5 times each employee's regular hourly wage, including the shift differential where applicable. 29 U.S.C. § 207.

SECOND AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT

50.     Defendants' violations of the FLSA were knowing and willful. Defendants knew or could have determined how long it takes for the FLSA Class Members to perform this uncompensated and off-the-clock work. Further, Defendants could have easily accounted for and properly compensated Plaintiffs and the FLSA Class Members for these work activities, but refused to do so.

51.     The FLSA, 29 U.S.C. § 216(b), provides that as a remedy for a violation of the Act, an employee is entitled to his or her unpaid wages (including unpaid overtime), plus an additional equal amount in liquidated damages (double damages), plus costs and reasonable attorneys' fees.

## SECOND CAUSE OF ACTION

## FAILURE TO PAY MINIMUM WAGES IN VIOLATION OF CALIFORNIA LABOR CODE §§ 1182.11-1182.13, 1194, 1194.2, AND 11197

**(By Plaintiffs and the California Class Members Against All Defendants)**

52.     Plaintiffs reallege and incorporate all preceding paragraphs, as though set forth in full herein.

53.     Defendants failed to pay the California Class Members minimum wages for all hours worked. Specifically, Defendants had a common policy, practice, and/or pattern of requiring the California Class Members to perform off-the-clock work, under Defendants' employ including, but not limited to: working from home; communicating with clients; attending work related events after working hours; conducting independent study and homework; and attending classroom sessions, all in excess of their scheduled shifts and for which they were never paid wages. California Labor Code § 1197, entitled "Pay of Less Than Minimum Wage," states:

> The minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of a less wage than the minimum so fixed is unlawful.

SECOND AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT

54. The applicable minimum wages fixed by the commission for work during the relevant period is found in the Wage Orders. Pursuant to the Wage Orders, Plaintiff Rowser and the California Class Members are therefore entitled to double the minimum wage during the relevant period.

55. The minimum wage provisions of California <u>Labor Code</u> are enforceable by private civil action pursuant to California <u>Labor Code</u> § 1194(a) which states:

> Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees and costs of suit.

56. As described in California <u>Labor Code</u> §§ 1185 and 1194.2, any action for wages incorporates the applicable Wage Order of the California Industrial Welfare Commission.

57. California <u>Labor Code</u> § 1194.2 also provides for the following remedies:

> In any action under Section 1194 . . . to recover wages because of the payment of a wage less than the minimum wages fixed by an order of the commission, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

58. Defendants have the ability to pay minimum wages for all time worked and have willfully refused to pay such wages with the intent to secure for Defendants a discount upon this indebtedness with the intent to annoy, harass, oppress, hinder, delay, or defraud Plaintiff Rowser and the California Class Members.

59. Wherefore, the California Class Members are  entitled to recover the unpaid minimum wages (including double minimum wages), liquidated damages in

SECOND AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT

an amount equal to the minimum wages unlawfully unpaid, interest thereon and reasonable attorney's fees and costs of suit pursuant to California <u>Labor Code</u> § 1194(a).

**THIRD CAUSE OF ACTION**

**FAILURE TO PAY WAGES AND OVERTIME IN VIOLATION OF**

**CALIFORNIA LABOR CODE § 510**

**(By Plaintiffs and the California Class Members Against All Defendants)**

60.     Plaintiffs reallege and incorporate all preceding paragraphs, as though set forth in full herein.

61.     By their conduct, as set forth herein, Defendants violated California <u>Labor Code</u> § 510 (and the relevant orders of the Industrial Welfare Commission) by failing to pay the California Class Members: (a) time and one-half their regular hourly rates for hours worked in excess of eight (8) hours in a workday or in excess of forty (40) hours in any workweek.

62.     Specifically, Defendants had a consistent policy, practice, and/or pattern of not paying the California Class Members overtime. The California Class Members consistently worked in excess of eight (8) hours a day, and/or forty (40) hours a week. However, the California Class Members were paid a lump sum, at straight time, for all hours worked. Additionally, as discussed above, the California Class Members were required to work off-the-clock hours without pay including working from home; communicating with clients; attending work related events after working hours; conducting independent study and homework; and attending classroom sessions, all in excess of their scheduled shifts and for which they were never paid wages. These uncompensated working hours caused the California Class Members to work in excess of eight (8) hours on a given day, and/or forty (40) hours in a given week, further entitling the California Class Members to overtime wages which they were never paid.

SECOND AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT

63.     Defendants' failure to pay compensation in a timely fashion also constituted a violation of California <u>Labor Code</u> § 204, which requires that all wages shall be paid semimonthly. From four (4) years prior to the filing of this lawsuit to the present, in direct violation of that provision of the California <u>Labor Code</u>, Defendants have failed to pay all wages and overtime compensation earned by the California Class Members. Each such failure to make a timely payment of compensation to the California Class Members constitutes a separate violation of California <u>Labor Code</u> § 204.

64.     Moreover, given Defendants' foregoing violations, Defendants also violated <u>California Labor Code</u> § 1174 requiring employers to keep records showing payroll records and the hours worked daily by and the wages paid to employees.

65.     The California Class Members have been damaged by these violations of California <u>Labor Code</u> §§ 204 and 510 (and the relevant orders of the Industrial Welfare Commission).

66.      Consequently, pursuant to California <u>Labor Code</u> §§ 204, 510, and 1194 (and the relevant orders of the Industrial Welfare Commission), Defendants are liable to the California Class Members for the full amount of all their unpaid wages and overtime compensation, with interest, plus their reasonable attorneys' fees and costs.

## FOURTH CAUSE OF ACTION

## MEAL PERIOD LIABILITY UNDER CALIFORNIA LABOR CODE § 226.7

### (By Plaintiffs and the California Class Members Against All Defendants)

67.     Plaintiffs reallege and incorporate all preceding paragraphs, as though set forth in full herein.

68.     The California Class Members regularly worked shifts greater than five (5) hours. Pursuant to <u>California Labor Code</u> § 512 an employer may not employ someone for a shift of more than five (5) hours without providing him or her with a meal period of not less than thirty (30) minutes.

SECOND AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT

69.     Defendants had a common policy, practice, and/or pattern of failing to provide the California Class Members with meal periods as required under the California Labor Code. Specifically, the California Class Members were required to work through their meal periods, nor were they afforded the opportunity to take uninterrupted meal periods in accordance with Cal. California Labor Code § 512. Moreover, many meal periods the California Class Members did receive were less than 30 minutes, all in violation of the California Labor Code and applicable Wage Orders. Moreover, Defendants failed to compensate the California Class Members for each meal period not provided or inadequately provided, in the form of "premium pay" as required under California Labor Code § 226.7.

70.     Therefore, pursuant to California Labor Code § 226.7, the California Class Members are entitled to damages in an amount equal to one (1) hour of wages at their effective hourly rates of pay for each meal period not provided or deficiently provided, a sum to be proven at trial.

## FIFTH CAUSE OF ACTION

## REST BREAK LIABILITY UNDER CALIFORNIA LABOR CODE § 226.7

### (By Plaintiffs and the California Class Members Against All Defendants)

71.     Plaintiffs reallege and incorporate all preceding paragraphs, as though set forth in full herein.

72.     The California Class Members consistently worked consecutive four (4) hour shifts. Pursuant to the California Labor Code and the applicable IWC Wage Order, Employees were entitled to paid rest breaks of not less than ten (10) minutes for each consecutive four (4) hour shift.

73.     Defendants had a common policy, practice, and/or pattern of failing to provide the California Class Members with timely rest breaks of not less than ten (10) minutes for each consecutive four (4) hour shift.

74.     Moreover, Defendants did not compensate the California Class Members with an additional hour of pay at each the California Class Members'

- 19 -

SECOND AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT

effective hourly rate for each day that Defendants failed to provide them with adequate rest breaks, as required under California <u>Labor Code</u> § 226.7.

75.    Therefore, pursuant to California <u>Labor Code</u> § 226.7, the California Class Members are entitled to damages in an amount equal to one (1) hour of wages at their effective hourly rates of pay for each day worked without the required rest breaks, a sum to be proven at trial.

<b><u>SIXTH CAUSE OF ACTION</u></b>

<b><u>FAILURE TO REIMBURSE FOR NECESSARY EXPENDITURES IN VIOLATION OF CALIFORNIA LABOR CODE § 2802</u></b>

<b>(By Plaintiffs and the California Class Members Against All Defendants)</b>

76.    Plaintiffs reallege and incorporate all preceding paragraphs, as though set forth in full herein.

77.    Under California <u>Labor Code</u> § 2802(a), an employer must indemnify its employees for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer.

78.    Defendants had a common policy, practice, and/or pattern of consistently failing to reimburse the California Class Members for these necessarily incurred business expenses. The California Class Members incurred necessary expenditures in the performance of their job duties for Defendants. Specifically, the California Class Members had to purchase computers and cellular telephone service to perform their duties under Defendants' employ, including but not limited to, communicating with clients, performing at home work study, and responding to emails. The California Class Members also incurred expenses in the form of gas and mileage for driving to work related events, discussed herein. All the forgoing expenses were incurred by the California Class Members in order to execute their duties under Defendants' employ, and for which they were never reimbursed.

SECOND AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT

79.     As a result of the unlawful acts of Defendants, the California Class Members have been deprived of reimbursement in amounts to be determined at trial; they are entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs.

**SEVENTH CAUSE OF ACTION**

**WAITING TIME PENALTIES UNDER CALIFORNIA LABOR CODE § 203**

**(By Plaintiffs and the California Class Members Against All Defendants)**

80.     Plaintiffs reallege and incorporate all preceding paragraphs, as though set forth in full herein.

81.     Numerous California Class Members are no longer employed by Defendants; they either quit Defendants' employ or were fired therefrom.

82.     In failing to pay the California Class Members their minimum wages, overtime wages, premium pay for deficiently provided meal periods and rest breaks, and unreimbursed expenses, all discussed above, Defendants willfully failed to pay the California Class Members all wages due and certain at the time of termination or within seventy-two (72) hours of resignation.

83.     The wages withheld from these the California Class Members by Defendants remained due and owing for more than thirty (30) days from the date of separation of employment.

84.     Defendants' failure to pay wages, as alleged above, was willful in that Defendants knew wages to be due but failed to pay them; this violation entitles the California Class Members to penalties under California Labor Code § 203, which provides that an employee's wages shall continue until paid for up to thirty (30) days from the date they were due.

///
///
///

**SECOND AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT**

**EIGHTH CAUSE OF ACTION**

**VIOLATION OF CALIFORNIA LABOR CODE § 226(a)**

**(By Plaintiffs and the California Class Members Against All Defendants)**

85.    Plaintiffs reallege and incorporate all preceding paragraphs, as though set forth in full herein.

86.    California <u>Labor Code</u> § 226(a) requires an employer to furnish each of his or her employees with an accurate, itemized statement in writing showing, among other things: (2) total hours worked by the employee . . . (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee. These statements must be appended to the detachable part of the check, draft, voucher, or whatever else serves to pay the employee's wages; or, if wages are paid by cash or personal check, these statements may be given to the employee separately from the payment of wages; in either case the employer must give the employee these statements twice a month or each time wages are paid.

87.    Defendants failed to provide the California Class Members with accurate, itemized wage statements in writing as required by the California <u>Labor Code</u>. Specifically, the wage statements issued to the California Class Members failed to include the requisite information under Subsections (2) and (9) above. Additionally, the California Class Members' wage statements were further defective in that they failed to account for the unpaid wages, overtime, unreimbursed expenses, and premium pay for deficiently provided meal periods and rest breaks, all of which Defendants knew, or reasonably should have known, were owed to the California Class Members, as alleged above.

88.    Moreover, in doing so, from at least one (1) year prior to the filing of this lawsuit and continuing to the present, Defendants failed to timely pay the California Class Members wages on a semimonthly basis as required under California <u>Labor Code</u> § 204. Defendants also failed to maintain records showing

**SECOND AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT**

accurate hours worked daily and the wages paid to the California Class Members, as well as the meal and rest periods taken by the California Class Members, as required by California Labor Code § 1174 and the applicable IWC wage orders.

89.     As a direct and proximate cause of Defendants' violation of California Labor Code § 226(a), the California Class Members suffered injuries, including among other things confusion over whether they received all wages owed them, the difficulty and expense involved in reconstructing pay records, and forcing them to make mathematical computations to analyze whether the wages paid in fact compensated them correctly for all hours worked.

90.     Pursuant to California Labor Code §§ 226(a) and 226(e), the California Class Members are entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000). They are also entitled to an award of costs and reasonable attorneys' fees.

## NINTH CAUSE OF ACTION

## UNFAIR COMPETITION UNDER CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200, *ET SEQ.*

**(By Plaintiffs and the California Class Members Against All Defendants)**

91.     Plaintiffs reallege and incorporate all preceding paragraphs, as though set forth in full herein.

92.     Plaintiffs, on behalf of themselves, the California Class Members, and the general public, brings this claim pursuant to California Business & Professions Code § 17200, *et seq.* The conduct of Defendants as alleged in this Complaint has been and continues to be unfair, unlawful, and harmful to the California Class Members and the general public. Plaintiff seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure § 1021.5.

SECOND AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT

93.     Plaintiff Rowser is a "person" within the meaning of California Business & Professions Code § 17204, has suffered injury, and therefore has standing to bring this cause of action for injunctive relief, restitution, and other appropriate equitable relief.

94.     Business & Professions Code § 17200 *et seq.* prohibits unlawful and unfair business practices.

95.     Wage-and-hour laws express fundamental public policies. Paying employees minimum wages, their wages, overtime, and reimbursements for necessary expenditures, and providing them with meal periods, etc., are fundamental public policies of California. California Labor Code § 90.5(a) articulates the public policies of this State vigorously to enforce minimum labor standards, to ensure that employees are not required or permitted to work under substandard and unlawful conditions, and to protect law-abiding employers and their employees from competitors who lower costs to themselves by failing to comply with minimum labor standards.

96.     Defendants have violated statutes and public policies. Through the conduct alleged in this Complaint, Defendants have acted contrary to these public policies, have violated specific provisions of the California Labor Code, and have engaged in other unlawful and unfair business practices in violation of Business & Professions Code § 17200 *et seq.*; which conduct has deprived Plaintiff, all California Class Members, and all interested persons, of the rights, benefits, and privileges guaranteed to all employees under the law.

97.     Defendants' conduct, as alleged hereinabove, constitutes unfair competition in violation of the Business & Professions Code § 17200 *et seq.*

98.     Defendants, by engaging in the conduct herein alleged, by failing to pay wages, overtime, provide meal periods, etc., either knew or in the exercise of reasonable care should have known that their conduct was unlawful; therefore, their conduct violates the Business & Professions Code § 17200 *et seq.*

SECOND AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT

99.     As a proximate result of the above-mentioned acts of Defendants, Plaintiff and the California Class Members have been damaged, in a sum to be proven at trial.

100.    Unless restrained by this Court, Defendants will continue to engage in such unlawful conduct as alleged above. Pursuant to the California <u>Business & Professions Code</u> this Court should make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use by Defendants or their agents or employees of any unlawful or deceptive practice prohibited by the <u>Business & Professions Code</u>, including but not limited to the disgorgement of such profits as may be necessary to restore the California Class Members to the money Defendants have unlawfully failed to pay.

## **<u>TENTH CAUSE OF ACTION</u>**
## **<u>PENALTIES PURSUANT TO</u>**
## **<u>CALIFORNIA LABOR CODE § 2699, *ET SEQ.*</u>**

**(By Plaintiffs and the California Class Members Against All Defendants)**

101.    Plaintiffs reallege and incorporate all preceding paragraphs, as though set forth in full herein.

102.    Plaintiff Rowser and the California Class Members are aggrieved employees as defined under California <u>Labor Code</u> § 2699(c) in that they suffered the violations alleged in this Complaint and were employed by the alleged violators, Defendants.

103.    In failing to pay the California Class Members minimum wages and overtime, failing to reimburse them for necessary business expenditures, failing to provide them with proper meal and rest periods, in failing to provide accurate itemized wage statements, and in failing to pay the California Class Members wages upon termination or timely upon resignation, all discussed above, Defendants failed to timely pay the California Class Members wages on a semimonthly basis, as required under California <u>Labor Code</u> § 204. Defendants also failed to maintain

SECOND AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT

1    records showing accurate hours worked daily and the wages paid to the California

2    Class Members, as required by California Labor Code § 1174 and the applicable

3    IWC wage orders.

4          104.   As such, the California Class Members seek wages and penalties under

5    California Labor Code §§ 2698 and 2699 for Defendants' violation of all California

6    Labor Code provisions included under  California Labor Code § 2699.5 and

7    including the penalty provisions, without limitation, based on the following

8    California Labor Code sections: 201, 202, 203, 204, 226, 226.7, 510, 512, 558,

9    1174, 1174.5, 1185, 1194, 1194.2, 1197, 1199, 2802, 2698, and 2699, *et seq.*

10         105.   The penalties shall be allocated as follows: 75% to the Labor and

11   Workforce Development Agency (LWDA) and 25% to the affected employee.

12         106.   The California Class Members also seek any and all penalties and

13   remedies set forth in  California Labor Code § 558, which states:

> (a)     Any employer or other person acting on behalf of
> an employer who violates, or causes to be violated, a
> section of this chapter or any provision regulating hours
> and days of work in any order of the Industrial Welfare
> Commission shall be subject to a civil penalty as
> follows: (1) For any initial violation, fifty dollars ($50)
> for each underpaid employee for each pay period for
> which the employee was underpaid in addition to an
> amount sufficient to recover underpaid wages. (2) For
> each subsequent violation, one hundred dollars ($100)
> for each underpaid employee for each pay period for
> which the employee was underpaid in addition to an
> amount sufficient to recover underpaid wages. (3)
> Wages recovered pursuant to this section shall be paid to
> the affected employee.
>
> (b)     If upon inspection or investigation the Labor
> Commissioner determines that a person had paid or
> caused to be paid a wage for overtime work in violation
> of any provision of this chapter, or any provision
> regulating hours and days of work in any order of the
> Industrial    Welfare    Commission,    the    Labor

SECOND AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT

Commissioner may issue a citation. The procedures for issuing, contesting, and enforcing judgments for citations or civil penalties issued by the Labor Commissioner for a violation of this chapter shall be the same as those set out in Section 1197.1.

(c)   The civil penalties provided for in this section are in addition to any other civil or criminal penalty provided by law.

107.   Plaintiff Rowser has exhausted his administrative remedy by sending a certified letter to the LWDA and Defendants postmarked on **June 13, 2017**. The LWDA has not provided notice of its intent to investigate the alleged violations within 65 calendar days of the postmark date of the letter.

**ELEVENTH CAUSE OF ACTION**

**PENALTIES PURSUANT TO**

**VIOLATION OF ILLINOIS WAGE PAYMENT AND COLLECTION ACT**

**(By Plaintiffs and the Illinois Class Members Against All Defendants)**

108.   Plaintiffs reallege and incorporate all preceding paragraphs, as though set forth in full herein.

109.   Defendants failed to pay Plaintiff Gupta and the Illinois Class Members their wages earned for all hours worked. This count arises under the IWPCA, 820 ILCS § 115/1 *et seq.,* for Defendants' failure and refusal to pay Plaintiff Gupta and the Illinois Class Members all their wages earned.

110.   Defendants employed Plaintiff Gupta and Illinois Class Members as "employees," as that term is defined by Section 2 of the IWPCA, 820 ILCS § 11 5/2.

111.   During the course of Plaintiff Gupta and the Illinois Class Members' employment with Defendants, Defendants did not compensate Plaintiff Gupta and the Illinois Class Members for all time worked.

112.   Defendants' failure to pay Plaintiff Gupta and the Illinois Class Members all their wages earned violated the IWPCA.

SECOND AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT

113.   Plaintiff Gupta represents Illinois Class Members who have not been paid for all their wages earned in the past ten (10) years, through and including the present.

## TWELFTH CAUSE OF ACTION
## PENALTIES PURSUANT TO
## VIOLATION OF ILLINOIS MINIMUM WAGE LAW
**(By Plaintiffs and the Illinois Class Members Against All Defendants)**

114.   Plaintiffs reallege and incorporate all preceding paragraphs, as though set forth in full herein.

115.   Defendants failed to pay Plaintiff Gupta and the Illinois Class Members overtime compensation pursuant to the provisions of the Illinois Minimum Wage Law, 820 ILCS § 105/4a. Plaintiff Gupta brings this action on her own behalf and on behalf of the Illinois Class Members pursuant to 820 ILCS § 105/12(a).

116.   Defendants employed Plaintiff Gupta and Illinois Class Members as "employees," as that term is defined by Section 3 of the IMWL, 820 ILCS § 105/3d.

117.   Defendants employed Plaintiff Gupta and Illinois Class Members as "employees," as that term is defined Section 3(d) of the IMWL, 820 ILCS § 105/3(d).

118.   At all relevant times, Defendants were an "employer" of Plaintiff Gupta and Illinois Class Members, as that term is defined by Section 3(c) of the IMWL, 820 ILCS § 105/3(c).

119.   Pursuant to 820 ILCS § 105/4(a), for all weeks during which Plaintiff Gupta and the Illinois Class Members worked in excess of forty (40) hours, Plaintiff Gupta and Illinois Class Members were entitled to be compensated at one and one-half times their regular hourly rate of pay for all time worked in excess of forty (40) hours per week.

SECOND AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT

120. Defendants did not pay Plaintiff Gupta and the Illinois Class Members one and one-half times their regular hourly rate of pay for all time worked in excess of forty (40) hours per week.

121. Defendants violated the Illinois Minimum Wage Law by refusing to compensate Plaintiff Gupta and Illinois Class Members at one and one-half times their regular hourly rate of pay for all time worked in excess of forty (40) hours per week.

122. Pursuant to 820 ILCS § 105/12(a), Plaintiff Gupta and Illinois Class Members are entitled to recover punitive damages in the amount of two percent (2%) per month of the amount of under payments.

123. During the course of Plaintiff Gupta and the Illinois Class Members' employment with Defendants, Defendants did not compensate Plaintiff Gupta and the Illinois Class Members for all overtime.

124. Defendants' failure to pay Plaintiff Gupta and the Illinois Class Members all their wages earned violated the IMWL.

125. Plaintiff Gupta represents Illinois Class Members who have not been paid for all their wages earned in the past ten (10) years, through and including the present.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs request the following relief:

**As to the FLSA Class**

1. An Order certifying this case as a collective action in accordance with 29 U.S.C. § 216(b) with respect to the FLSA claims set forth herein (Count I);

2. For an order appointing Plaintiffs as representatives of the FLSA Class

3. For an Order appointing Counsel for Plaintiffs as Counsel for the FLSA Class;

4. Upon Count I, for compensatory, consequential, general, and special damages pursuant 29 U.S.C. §§ 207 and 216;

SECOND AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT

5.      Liquidated damages and pre- and post-judgment interest on all due and unpaid wages pursuant to 29 U.S.C. §§ 207 and 216;

6.      Attorneys' fees and costs as provided by 29 U.S.C. §§ 206, 207, and 216; and

7.      For such other and further relief the Court may deem proper

**As to the California Class**

8.      For an order certifying this action as a class action under F.R.C.P. Rule 23, and appointment of Plaintiff Rowser and Plaintiff's counsel to represent the California Class;

9.      For an order appointing Plaintiff Rowser as the representative of the California Class;

10.     For an order appointing Plaintiff's counsel as class counsel for the California Class;

11.     For compensatory damages, under California Labor Code § 1194, in the amount of the unpaid minimum wages for work performed by Plaintiff and unpaid overtime compensation from at least four (4) years prior to the filing of this action, according to proof;

12.     For liquidated damages, under California Labor Code § 1194.2, in the amount equal to the unpaid minimum wage and interest thereon, from at least four (4) years prior to the filing of this action, according to proof;

13.     For compensatory damages, under California Labor Code §§ 510 and 1194, in the amount of all unpaid wages, including overtime, as may be proven;

14.     For compensatory damages, under California Labor Code § 226.7, in the amount of the hourly wage made by the California Class Members for each missed or deficient meal period where no premium pay was paid therefor from four (4) years prior to the filing of this action, as may be proven;

15.     For compensatory damages, under California Labor Code § 226.7, in the amount of the hourly wage made by the California Class Members for each

SECOND AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT

missed or deficient rest breaks where no premium pay was paid therefore from four (4) years prior to the filing of this action, as may be proven;

16. For compensatory damages, under <u>California Labor Code</u> § 2802, in the amount of all unreimbursed expenses, incurred by the California Class Members, from four (4) years prior to the filing of this action, as may be proven;

17. For penalties pursuant to <u>California Labor Code</u> § 226(e), as may be proven;

18. For penalties pursuant to <u>California Labor Code</u> § 203, as may be proven;

19. For restitution for unfair competition pursuant to <u>Business & Professions Code</u> § 17200 *et seq.*, including disgorgement or profits, as may be proven;

20. For an order enjoining Defendants and their agents, servants, and employees, and all persons acting under, in concert with, or for them, from acting in derogation of any rights or duties adumbrated in this Complaint;

21. For wages and penalties under <u>California Labor Code</u> § 558, as may be proven;

22. For penalties pursuant to <u>California Labor Code</u> § 2699, *et seq.*, as may be proven;

23. For all general, special, and incidental damages as may be proven;

24. For punitive damages, subject to proof;

25. For an award of pre-judgment and post-judgment interest;

26. For an award providing for the payment of the costs of this suit;

27. For an award of attorneys' fees; and

28. For such other and further relief as this Court may deem proper and just.

**As to the Illinois Class**

29. For an order certifying this action as a class action;

SECOND AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT

30.     For an order appointing Plaintiff Gupta as the representative of the Illinois Class;

31.     For an order appointing Plaintiffs' counsel as class counsel for the Illinois Class;

32.     A judgment in the amount of all back wages due, as provided by the Illinois Wage Payment and Collection Act;

33.     Statutory damages pursuant to the formula set forth in 820 ILCS §115/14(a);

34.     A judgment in the amount of one and one-half times Plaintiff's and the Illinois Class Members' regular rate for all time they worked in excess of forty (40) hours per week;

35.     Statutory damages pursuant to the formula set forth in 820 ILCS § 105/12(a);

36.     Reasonable attorneys' fees and costs incurred in filing this action; and

37.     Such other and further relief as this Court deems appropriate and just.


Dated: June 26, 2018                    DAVID YEREMIAN & ASSOCIATES, INC.

                                        By:_____/s/ David Yeremian_____
                                             David Yeremian
                                             Alvin B. Lindsay
                                             Attorneys for Plaintiffs
                                             and the putative classes

SECOND AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT

## **JURY DEMAND**

Plaintiffs, Darius Rowser and Amita Gupta, individually and on behalf of all others similarly situated, by and through their attorneys, hereby demand a trial by jury.

Dated: June 26, 2018                     DAVID YEREMIAN & ASSOCIATES, INC.

By:_____/s/ David Yeremian_____
David Yeremian
Alvin B. Lindsay
Attorneys for Plaintiffs
and the putative classes

SECOND AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT