1
2
3
4
5
6
7
8
9
10

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

11
12
13

DARIUS ROWSER, an individual, and AMITA GUPTA, an individual, on behalf of themselves and all others similarly situated,

14
15

                Plaintiff,

     vs.

16
17
18

TRUNK CLUB, INC., a Delaware corporation; and DOES 1 through 10, inclusive,

19

                Defendants.

Case No.: CV 17-05064 DSF (RAOx)

ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND JUDGMENT

20
21
22
23
24
25
26
27
28

This matter came before the Court on the unopposed motion by Plaintiffs Darius Rowser and Amita Gupta, on behalf of themselves and the similarly situated employees of Defendant Trunk Club, Inc., for an Order granting final approval of the parties' Stipulation of Settlement ("Settlement Agreement"). The Motion was heard concurrently with Plaintiffs' earlier filed motion for an order approving the requested attorneys' fees and costs to Plaintiffs' counsel and awarding the requested class representative enhancements and Service Awards to Plaintiffs.

The Court preliminarily approved the Parties' Settlement and their proposed resolution of Plaintiffs' class, collective and representative claims on behalf of the California Class Members, Illinois Class Members and FLSA Collective Members ("the Settlement Class Members") on August 24, 2018.

In accordance with the order granting preliminary approval, and in compliance with due process, the Settlement Administrator sent the Class Notice to each California Class Member, Illinois Class Member, and FLSA Collective Member by first-class mail. The Class Notice informed California Class Members, Illinois Class Members, and FLSA Collective Members of the terms of the Settlement, the right to participate in the Settlement, the right to object to the Settlement, the right to request exclusion and pursue their own remedies, and the right to appear in person or by counsel at the final approval hearing regarding final approval of the Settlement.

The motion for final approval seeks final approval of the Settlement and entry of judgment that will bind each California Settlement Class Member, Illinois Settlement Class Member, and FLSA Settlement Collective Member, and will operate as a full release and discharge of California Settlement Class Members' Released Claims, Illinois Settlement Class Members' Released Claims and FLSA Settlement Collective Members' Released Claims (as defined in the Settlement Agreement).

Having received and considered Plaintiffs' motion for preliminary approval of the Settlement, Plaintiffs' motion for final approval of the Settlement, all objections to the Settlement, all opt-outs from the Settlement, Plaintiffs' motion for attorneys' fees, costs and service awards, the file in this case, and the evidence and argument received by the Court before entering the Preliminary Approval Order and before and at the final approval hearing, THE COURT ORDERS, ADJUDGES, AND DECREES THAT:

1.    Initial-capitalized terms in this order shall have the same meaning as assigned to them in the Settlement Agreement.

2.    The Settlement Administrator has fulfilled its initial notice and reporting duties under the Settlement Agreement.

3.    The Class Notice: (i) was the best practicable notice under the facts and circumstances of this case; (ii) was reasonably calculated to apprise California Class Members, Illinois Class Members, and FLSA Collective Members of the pendency of the Action, their right to participate in the Settlement, their right to exclude themselves from the Settlement, and their right to object to, and/or appear at the Final Approval Hearing for, the Settlement; and (iii) constituted due, adequate, and sufficient notice of a class/collective settlement under Federal Rule of Civil Procedure 23, 29 U.S.C. section 201, *et seq.*, due process, and any other applicable rules or law. Only one individual asked to exclude themselves from the Settlement, and no one objected to the Settlement.

4.    The notice of settlement served by Plaintiffs on the California Labor and Workforce Development Agency ("LWDA") satisfied the requirements of PAGA. The LWDA has expressed no objection to the Settlement.

5.    The notice of settlement served by Defendant on the U.S. and applicable state attorneys general satisfies the requirements of the Class Action Fairness Act. The Attorneys General have expressed no objections to the Settlement.

6.     The terms of the Settlement are fair, reasonable and adequate, and the standards and applicable requirements for final approval of this class and collective action settlement are satisfied, including the provisions of Rule 23 of the Federal Rules of Civil Procedure and the provisions of 29 U.S.C. section 201, *et seq.*

7.     The Settlement has been reached as a result of intensive, serious, and non-collusive, arms-length negotiations and was achieved with the aid of an experienced mediator. The Settlement was entered into in good faith as to each California Settlement Class Member, Illinois Settlement Class Member, and FLSA Settlement Collective Member.

8.     Class Counsel are experienced class action litigators and have expressed the view that the Settlement is fair, reasonable, and adequate.

9.     Taking into consideration the nature of the Plaintiffs' claims; the nature of Defendant's defenses; the expense, complexity and likely duration of further litigation; and the risk of attaining and maintaining class action status throughout the litigation, the amounts paid under the Settlement are fair and reasonable. Moreover, the allocation of settlement proceeds among the California Settlement Class Members, Illinois Settlement Class Members, and FLSA Settlement Collective Members is fair, reasonable, and adequate. That the settlement represents a compromise of the Parties' respective positions rather than the result of a finding of liability at trial also supports the Court's decision granting final approval.

10.     The Court appoints Plaintiffs as representatives of, and Class Counsel as counsel for, the California Settlement Class Members, the Illinois Settlement Class Members, and the FLSA Settlement Collective Members for the purpose of entering into and implementing the Settlement.

11.     The Settlement Administrator is to execute the distribution of proceeds pursuant to the terms of the Settlement, as modified by the concurrently filed Order

1  Granting in Part Plaintiffs' Unopposed Motion for Approval of Award of Attorneys'

2  Fees and Costs and Class Representative Enhancements.

3         12.    As of the Effective Date, the Plaintiffs, California Settlement Class

4  Members, the Illinois Settlement Class Members, and the FLSA Settlement

5  Collective Members, and their legally authorized representatives, heirs, estates,

6  trustees, executors, administrators, principals, beneficiaries, representatives, agents,

7  assigns, and successors, and/or anyone claiming through them or acting or

8  purporting to act for them or on their behalf, regardless of whether they have

9  received actual notice of the proposed Settlement, have conclusively compromised,

10 settled, discharged, and provided: the Complete and General Release (in the case of

11 Plaintiffs); the release of California Settlement Class Members' Released Claims (in

12 the case of the California Settlement Class Members); the release of the Illinois

13 Settlement Class Members' Released Claims (in the case of Illinois Settlement Class

14 Members); and release of FLSA Settlement Collective Members' Released Claims

15 (in the case of FLSA Settlement Collective Members who cash their Individual

16 Settlement Payments) against Trunk Club and the Released Parties, and are bound

17 by the provisions of the Settlement Agreement.

18        13.    Payment to the California Labor and Workforce Development Agency

19 of $5,625.00 as its share of the settlement of claims arising under the California

20 Private Attorneys General Act in this case is fair, reasonable, and adequate. Payment

21 of that amount shall be paid from the Total Settlement Amount in accordance with

22 the Settlement Agreement, and there shall be no further recourse for the civil

23 penalties released under the terms of the Settlement.

24        14.    Notwithstanding the submission of a timely request for exclusion,

25 California Class Members are still bound by the settlement and release of the PAGA

26 Claims or remedies under this judgment pursuant to *Arias v. Superior Court*, 46 Cal.

27 4th 969 (2009), as requests for exclusion do not apply to the PAGA Claims. The

28

State of California's claims for civil penalties pursuant to PAGA are also extinguished.

15.     The fees, expenses, and any other costs of Rust Consulting, Inc. in administering the Settlement, in the amount of $25,000.00, are fair and reasonable. Payment of that amount shall be paid out of the Total Settlement Amount in accordance with the Settlement Agreement, which shall fully, finally and completely compensate Rust Consulting for all fees, expenses and any other costs in administering the Settlement.

16.     For the reasons described in the concurrently filed Order Granting in Part Plaintiffs' Unopposed Motion for Approval of Award of Attorneys' Fees and Costs and Class Representative Enhancements, the Court approves the payment of Service Awards in the amount of $2,000 to each of the Plaintiffs (in addition to any recovery they may receive as a member of one or more of the classes under the Settlement;

17.     For the reasons described in the concurrently filed Order Granting in Part Plaintiffs' Unopposed Motion for Approval of Award of Attorneys' Fees and Costs and Class Representative Enhancements, the Court approves the payment of $435,377 for attorneys' fees and $8,493.74 in costs to Class Counsel. No other attorneys or law firms shall be entitled to any award of attorneys' fees or costs from Defendant in any way connected with this Action.

18.     The Settlement Agreement and this Final Approval Order and Judgment shall have *res judicata* and preclusive effect in all pending and future lawsuits or other proceedings that encompass any of Plaintiffs' claims, the California Settlement Class Members' Released Claims, the Illinois Settlement Class Members' Released Claims, and the FLSA Settlement Collective Members' Released Claims, whether those lawsuits or proceedings are maintained by or on behalf of Plaintiffs, the California Settlement Class Members, the Illinois Settlement Class Members, and/or the FLSA Settlement Collective Members. The Settlement

Agreement and this Final Approval Order and Judgment shall be binding on Plaintiffs, California Settlement Class Members, Illinois Settlement Class Members and FLSA Settlement Collective Members, their heirs, estates, trustees, executors, administrators, principals, beneficiaries, representatives, agents, assigns, and successors, and/or anyone claiming through them or acting or purporting to act for them or on their behalf.

19. Plaintiffs, the California Settlement Class Members, the Illinois Settlement Class Members, and the FLSA Settlement Collective Members are permanently barred from filing, commencing, prosecuting, intervening in, or participating (as class members or otherwise) in any other lawsuit or administrative, regulatory, arbitration, or other proceeding in any jurisdiction based on the claims released in the Settlement Agreement.

20. The Settlement and any proceedings undertaken pursuant thereto, may not be offered, received, or construed as evidence of: a presumption, concession, or an admission by any Party of liability or non-liability; the certifiability or non-certifiability the class and collective claims resolved by the Settlement; the manageability or non-manageability of the PAGA representative claims resolved by the Settlement; provided, however, that reference may be made to this Settlement in such proceedings as may be necessary to effectuate the provisions of this Settlement.

21. This Final Approval Order and Judgment of dismissal shall be entered forthwith, dismissing this Action with prejudice.

22. Without affecting the finality of the Final Approval Order and Judgment, the Court retains continuing jurisdiction over Plaintiffs, Defendant, the California Settlement Class Members, the Illinois Settlement Class Members, and the FLSA Settlement Collective Members as to all matters concerning the administration, consummation, and enforcement of this Settlement Agreement.

23.     After settlement administration and distribution of funds have been completed, the parties shall file a report with this Court certifying compliance with the terms of the Settlement and this Order and Judgment.

24.     If this Order is reversed on appeal or the Settlement Agreement is terminated or is not consummated for any reason, the foregoing certification of claims, appointment of class representatives and appointment of class counsel shall be void and of no further effect, and the parties shall be returned to the status each occupied before entry of this Order without prejudice to any legal argument that any of the parties might have asserted but for the Settlement.

IT IS SO ORDERED.

DATED:  February 11, 2019

Honorable Dale S. Fischer
UNITED STATES DISTRICT JUDGE